IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK CULLEN, and | ) | |
| CHELSEA CULLEN, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:25-cv-0523-CLM |
| | ) | |
| LAKELAND CEMETERY SERVICES, | ) | |
| INC., EVERSTORY PARTNERS, LLC, | ) | |
| and CRAIG HAUPT in his capacity as | ) | |
| Plan Administrator, | ) | |
|     Defendants. | ) | |

## **LAKELAND DEFENDANTS' MOTION TO DISMISS**

COME NOW, Defendants Lakeland Cemetery Services Inc. and Craig Haupt in his capacity as Plan Administrator, and bring the following Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6). In support thereof, Defendants state as follows:

### ARGUMENTS

1. **Plaintiffs did not bring these issues before the Department prior to the filing of this claim.**

29 U.S.C.A. § 218c requires employees bringing a claim to comply with the requirements of 15 U.S.C.A. § 2087 which requires, in relevant part, "A person who believes that he or she has been discharged or otherwise discriminated against by any person in violation of subsection (a) may, not later than 180 days after the date on which such violation occurs, file (or have any person file on his or her behalf) a complaint with

1

the Secretary of Labor alleging such discharge or discrimination and identifying the person responsible for such act." The Procedures for the Handling of Retaliation Complaints Under Section 1558 of the Affordable Care Act, 81 FR 70607-01, 2016 at 70610-70615 explicitly states "the complainant **must** file a complaint with OSHA within 180 days of the alleged adverse action" (emphasis added). This period runs from when the employee is or should reasonably be aware of the employer's decision or adverse action. EEOC v. United Parcel Serv., Inc., 249 F.3d 557, 561 (6th Cir. 2001). Defendants specifically wish to bring to this Court's attention Bailey v. DeJoy, 2021 WL 767859, *6 (D. Maine Feb. 26, 2021) wherein the examining Magistrate Judge recommended dismissal of all allegations under the Fair Labor Standards Act and 29 C.F.R. §§ 1984.103 raised for the first time in that claim, having not previously been brought before OSHA in a timely complaint, going so far as to indicate such a claim may be dismissed as early as and upon such a deferential standard as a 12(b)(6) motion.

    The Plaintiffs have brought this Complaint as part of what they refer to as a "kick out" provision requesting review by this Court after previously requesting review by an Administrative Law Judge of a letter of no finding, which was requested by the Plaintiffs after bringing forth their initial Complaint with the Department of Labor. In their Complaint, Plaintiffs specifically reference filings dated September 29, 2023 and October 5, 2023. These Complaints have been attached hereto as Exhibit A as they are expressly referenced by the Plaintiffs as a basis for their claims. Ex. A. In these filings, Plaintiffs allege violations of the ACA, not the Employee Retirement Income Security Act, "ERISA," as they now attempt to bring before this Court. 15 U.S.C.A. § 2087 clearly

requires that employees bring claims before the Secretary before any such claims can be brought before this Court and, in any event, that those claims be brought within one hundred and eighty (180) days of occurrence. Neither of those things have happened in this case and, therefore, it should be dismissed, with prejudice.

2. **Plaintiffs have failed to properly serve Defendants Lakeland Cemetery Services, Inc. and Defendant Craig Haupt in his capacity as Plan Administrator.**

Fed. R. Civ. P. 4(h) requires when serving a domestic or foreign corporation that service be perfected by delivering the Complaint to the corporation's designated agent. In this case, the Plaintiffs have not filed any document with this Court notifying the same of its service of the Plaintiff. However, the Plaintiff, by and through its corporate representative, Craig Haupt, did receive one service document (addressed only to Haupt in his role as Plan Administrator), which was delivered on or about April 15, 2025 and received or signed for by a "M.M." Filing confirmation obtained from the United States Postal Service's tracking feature demonstrates a signature from some unknown person believed to be "M.M." Ex. B. No person with the initials M.M. works in the corporate office of Lakeland Cemetery Services, Inc and, therefore, no such person has been authorized to accept service of process. Ex. C.[1] Even if "M.M." did work for Lakeland, that does not authorize this person to accept service on behalf of Mr. Haupt. For these

---

[1] When considering a Motion to Dismiss for insufficient service of process, federal courts have held that parties may submit affidavits or other documentary evidence for district court's consideration. See, e.g. Fisher v. Lynch, 531 F.Supp.2d 1253 (D.Kan 2008).

3

reasons, this matter should be dismissed for failure to obtain service and/or this Court should require that the Plaintiffs obtain proper service before proceeding with this matter.

3. **Plaintiffs' Complaint does not allege that the Defendants retaliated against them for claiming tax credits under or a specific violation of the Affordable Care Act.**

29 U.S.C.A. § 218c states that an employer shall not discharge or discriminate against an employee because the employee has:

> (1) received a credit under section 36B of Title 26 or a subsidy under section 18071 of Title 42; (2) provided, caused to be provided, or is about to provide or cause to be provided to the employer, the Federal Government, or the attorney general of a State information relating to any violation of, or any act or omission the employee reasonably believes to be a violation of, any provision of this title (or an amendment made by this title); (3) testified or is about to testify in a proceeding concerning such violation; (4) assisted or participated, or is about to assist or participate, in such a proceeding; or (5) objected to, or refused to participate in, any activity, policy, practice, or assigned task that the employee (or other such person) reasonably believed to be in violation of any provision of this title (or amendment), or any order, rule, regulation, standard, or ban under this title (or amendment).

With respect to section (1) of this provision, Plaintiffs have not alleged in their complaint that they have been retaliated against or received any adverse action due to receiving a credit under this section. In fact, they have not even specifically alleged that the Defendant Employer, Lakeland Cemetery Services, Inc., or Defendant Craig Haupt in his capacity as Plan Administrator were even aware that they had applied for coverage under the Affordable Care Act or any credits applicable thereto.

With respect to section (2) of this provision, Plaintiffs have not specifically alleged what act or omission they believe to be a violation of the Affordable Care Act. Instead,

they have made a vague outline of "violations" where they say they "attempted to enforce [their] rights" or claim there has been a violation of "Section 18c of the FLSA". Doc. 1, generally, specifically pg. 13. The Plaintiffs have not, in their Complaint, alleged a violation of the ACA, nor have they stated what protected activity they engaged in that they believe invokes the jurisdiction of this Court.[2]

4. **Plaintiffs cannot support claims for intentional infliction of emotional distress or invasion of privacy based upon the facts alleged in their Complaint.**

The tort of intentional infliction of emotional distress in Alabama is referred to as "outrage." Wilson v. University of Alabama Health Services Foundation, P.C., 266 So.3d 674, 675 (Ala. 2017). Outrage occurs when the party, by extreme and outrageous conduct, intentionally or recklessly causes severe emotional distress to another and is subject to liability for such distress and/or bodily harm resulting therefrom. Little v. Robinson, 72 So.3d 1168 (Ala. 2011). Outrage occurs only when the alleged conduct is "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." Horne v. TGM Associates, LP, 56 So.3d 615, 629-631. In this case, the Plaintiff has failed to even allege actions which rise to the level of outrageous conduct within the context of the tort of outrage or intentional infliction of emotional distress and, therefore, this claim should be dismissed at this stage.

---

[2] Plaintiffs do not even attempt to allege violations of (3)-(5), supra, so those items have not been addressed specifically herein for the sake of brevity and specificity of response. Plaintiffs have not, to these Defendants' knowledge, engaged in testimony or participated in any such proceeding, nor have they alleged any such participatory scheme.

Alabama Courts have concluded that common law claims for invasion of privacy are limited to four (4) categories: (1) intruding into the plaintiff's physical solitude or seclusion; (2) giving publicity to private information about the plaintiff that violates ordinary decency; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; or (4) appropriating some element of the plaintiff's personality for a commercial use. Johnston v. Fuller, 706 So.2d 700 (Ala. 1997); Norris v. Moskin Stores, Inc., 272 Ala. 174, 132 So.2d 321 (1961). Plaintiffs fail to allege anything in their Complaint that falls within these four limited categories and, therefore, this claim is due to be dismissed.

## CONCLUSION

WHEREFORE, Defendant prays that this Court will dismiss the Plaintiffs' Complaint in its entirety or in part, pursuant to those arguments raised above.

>*/s/ Megan Phillips Huizinga*
>Megan Huizinga (ASB 8352I21H)
>*Counsel for Lakeland Defendants*

**OF COUNSEL:**
Knowles & Sullivan, LLC
413 Broad St.
Gadsden, AL 35901
256-547-7200
megan@kkslawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's CM/ECF system, electronic mail, and/or by depositing a copy of the same in the U.S. Mail, first-class postage prepaid and properly addressed as follows:

| | |
|---|---|
| Patrick Cullen | Chelsea Mandeville |
| 400 W Blue Mountain Rd. | 400 W Blue Mountain Rd. |
| Anniston, AL 36201 | Anniston, Alabama 36201 |
| Phathacked@proton.me | manc90937@gmail.com |

**Done this the 15th day of May, 2025.**

<u>*/s/ Megan Phillips Huizinga*</u>
Megan Huizinga (ASB 8352I21H)
*Counsel for Lakeland Defendants*

**EXHIBIT INDEX:**

A - Complaints filed with the Secretary
B - Service Notice, USPS
C - Affidavit