# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **PATRICK KEITH CULLEN,** *et al.*,<br>　　Plaintiffs,<br><br>v.<br><br>**LAKELAND CEMETARY SERVICES INC.,** *et al.*,<br>　　Defendants. | Case No. 1:25-cv-523-CLM |

## ORDER

　　Pro se plaintiffs Patrick Keith Cullen and Chelsea Kaye Mandeville (collectively referred to as "Plaintiffs") sue Lakeland Cemetery Services Inc., Craig Haupt, and Everstory Partners LLC for allegedly violating numerous federal and state laws. (Doc. 1). Plaintiffs' claims include: Retaliation under the whistleblower protection provisions of the Affordable Care Act (ACA) (29 U.S.C. § 218c) and the Employee Retirement Income Security Act of 1774 (ERISA) Section 510 (29 U.S.C. § 1140); breach of fiduciary duty; wrongful termination; intentional infliction of emotional distress; invasion of privacy; defamation; and civil conspiracy to harm employment. (Doc. 1). Plaintiffs also move for leave to proceed *in forma pauperis* ("IFP"), (doc. 2), and request the appointment of pro bono counsel, (doc. 3).

　　The court has considered Plaintiffs' documents for screening under 28 U.S.C. § 1915(e). For the reasons explained below, the court **ORDERS** Plaintiffs to amend their complaint to cure the pleading deficiencies identified in this order. Plaintiffs shall file their amended complaint on or before **January 6, 2026**. If Plaintiffs fail to timely file an amended complaint or adequately address the pleading deficiencies that the court has identified, the court **will dismiss** this case under 28 U.S.C. § 1915(e).

The court will **DEFER RULING** on Plaintiffs' IFP motion, (doc. 2), and request for appointment of pro bono counsel, (doc. 3), until after Plaintiffs replead their complaint. So the court **DENIES AS MOOT** Plaintiffs' motion for status update on IFP application, (doc. 5).

The court **DIRECTS** the Clerk of Court to refrain from issuing summons to the defendants until the court has screened Plaintiffs' amended complaint under 28 U.S.C. § 1915(e). So the court **DENIES AS PREMATURE** Defendants' motion to dismiss, (doc. 4). Defendants may reraise their arguments, and make new ones, at the appropriate time.

## BACKGROUND

When a plaintiff files an IFP motion, this court must screen the complaint to determine whether the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). In reviewing a complaint for failure to state a claim, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether Plaintiffs' allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). This court construes pro se complaints liberally, but the court cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

As the court will address below, Plaintiffs generally allege that they were employed by the Defendants, that they reported the Defendant's OSHA and ACA violations, so Defendants engaged in a series of retaliatory acts against Plaintiffs, ultimately resulting in their termination. Plaintiffs seek relief in the form of: "Declaratory judgment of violations under 29 U.S.C. § 218c, ERISA, and Alabama law; Compensatory damages for distress, losses, and reputational harm; Back pay and front pay; Punitive damages; Statutory penalties under ERISA; Injunctive relief against further retaliation and privacy invasions;

Attorneys' fees and costs under 29 U.S.C. § 218c(b)(3), ERISA, and FRCP 54; [And] other relief as deemed just under applicable Federal and Alabama State laws." (Doc. 1, p. 38-39). Plaintiffs calculate their total damages at $2,239,595. (Doc. 1, p. 23).

## DISCUSSION

The Court proceeds in two parts. First, the Court analyzes whether Plaintiffs' complaint complies with 28 U.S.C. § 1915(e)(2)(B)(ii). Second, the Court addresses Plaintiffs' IFP motion and request for appointment of pro bono counsel.

### I.     The Complaint

Plaintiffs' 84-page complaint contains numerous allegations that Defendants violated federal and state laws, but only limited facts necessary to contextualize their claims. From the best the court can surmise, Plaintiffs believe that when they reported that Defendants, their employers, violated OSHA safety standards in 2017-18, it "fostered animosity" that later resurfaced in retaliation. (Doc. 1, p. 31). The Defendants' alleged retaliation took the form of withholding and/or misrepresenting Plaintiffs' Healthcare Summary Plan Descriptions; preventing Plaintiffs from enrolling in a healthcare plan; making false accusations about Plaintiffs; understaffing Plaintiffs' job sites; installing a security camera in Plaintiffs' breakroom; taking disciplinary actions against Plaintiffs; and ultimately terminating Plaintiffs' employment.

But Plaintiffs' complaint does not paint a clear picture. First, Plaintiffs provide a statement of their claims. (Doc. 1, pp. 12-21). But this statement provides only conclusory and general assertions that are insufficient to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For example, Plaintiff's third statement provides:

> 3. May 2, 2023 (Crestwood Memorial Cemetery, Gadsden, AL)
>
> • Event: Chelsea and Patrick raised ACA compliance concerns with CEO Craig Haupt.
>
> • Protected Activity: Reporting suspected ACA violations.
>
> • Adverse Action: Immediate retaliation through disciplinary actions.
>
> • Statute Violated: ACA whistleblower provisions safeguarding internal reporting.
>
> • Involved: LCS

(Doc. 1, p. 13). What were the ACA compliance concerns that Plaintiffs raised with Craig Haupt? Plaintiffs do not say. What was the "retaliation through disciplinary actions"? Plaintiffs do not say. Plaintiffs did attach an "Incident Report" from May 5, 2023, which indicates that someone, presumably Plaintiffs' employer, received a complaint that Plaintiffs did not show up to their job site because Plaintiffs said that "something had come up." (Doc. 1, p. 56). But the "Results of Incident and Action Taken" section of the report states: "I did not pry into the reason Pat and Chelsea were absent but did tell Pat, I understand things happen and to let me know if he/Chelsea were bit going to be on the jobsite." (*Id.*) Even piecing together bits of information from Plaintiffs' complaint, it is not clear that they have plead facts sufficient to state a claim for retaliation under the ACA.

      Plaintiffs' complaint goes on to provide a "Statement of Facts" that is broken up into Plaintiffs' alleged protected activities and Defendants' alleged retaliatory action. While each section is labeled by date, the "protected activity" and "retaliatory action" are separated into different sections on different pages. When the events are pieced together, they still only make general assertions and legal conclusions, but state no facts to support those conclusions. For example:

> May 2, 2023: Met with CEO Craig Haupt to address ACA violations affecting our APTC eligibility and reiterated our request for the SPD.
>
> June 30, 2023: Reiterated to Haupt the need for ACA compliance and the SPD, which he failed to provide, misrepresenting the Plan Administrator's identity by omission and frequently pointing to Paychex, a payroll and benefits platform used by LCS.
>
> July 10, 2023: Reported ACA violations and fraud to Paychex, who obstructed our requests for documentation.
>
> July 29, 2023: Filed a fraud and ACA violation report with UnitedHealth Group, who refused to provide documents despite acknowledging our rights.
>
> September 29, 2023: I (Chelsea Mandeville) filed an OSHA whistleblower complaint.
>
> October 5, 2023: I (Patrick K. Cullen) filed an OSHA whistleblower complaint.

(Doc. 1, p. 32). These alleged protected activities connect to these alleged retaliatory actions:

> May 4, 2023: LCS issued our first disciplinary actions, selectively enforced, two days after meeting with Haupt.
>
> June 1, 2023: LCS withheld healthcare details and the SPD from me (Chelsea Mandeville) post-APTC loss.
>
> July 5, 2023: LCS blocked my (Patrick K. Cullen's) coverage and obstructed Chelsea's access to the employer sponsored health coverage.
>
> July 17-18, 2023: LCS falsified my (Chelsea Mandeville's) injury report, denying me the identity of covered workers compensation physicians & intimidating me out of pursuing a claim which resulted in an early return to work with an injury that did not receive medical care.

(Doc. 1, p. 33). These statements are reflective of the flaw that plagues all of Plaintiffs' federal and state law claims. That is, they do not contain the facts necessary to state a claim for relief.

In the amended complaint, Plaintiffs must clearly set forth the facts concerning any incident about which they complain. Specifically, Plaintiffs must (1) identify each defendant they allege participated in the

violation of their rights; (2) describe what each defendant did that amounted to a violation of their rights; (3) state when and where the incidents underlying the violation of their rights occurred; (4) describe how the acts and/or omissions of each defendant resulted in harm to Plaintiffs; (5) identify the nature of that harm (e.g., loss of money, income, or property, or interference with their right to engage in or refrain from some activity); and (6) state the relief they seek (e.g., compensatory and/or punitive damages or some form of injunctive relief, including any request for attorneys' fees, costs, and expenses). Conclusory and general assertions are insufficient to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court also warns Plaintiffs to avoid what is referred to as a "shotgun pleading" in their amended complaint. The Eleventh Circuit has identified four types of shotgun pleadings, all of which are prohibited, and explains them as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is

> that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Plaintiffs' original complaint shares characteristics of multiple categories of shotgun pleadings. For example, Plaintiffs' litany of disconnected facts are incorporated into each of the individual claims for relief. The alleged retaliatory acts are often attributed to "Defendants," but it is not clear which of the Defendants committed the alleged violations, how they did so, or what relationship exists between the Defendant employers. So the court cautions Plaintiffs to avoid these deficiencies in their amended complaint.

## II.   The IFP Motion and Request for Appointment of Counsel

Plaintiffs have filed an IFP application along with their complaint. (Doc. 2). An applicant may proceed *in forma pauperis* if, "because of his poverty, [he] is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The court will **DEFER RULING** on Plaintiffs' IFP motion until after they file an amended complaint.

Plaintiffs also filed a request for appointment of pro bono counsel. (Doc. 3). Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. *See Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985). It is unclear at this time which, if any, of Plaintiffs' claims in their amended complaint will proceed past the court's screening under 28 U.S.C. § 1915(e). So the court will also **DEFER RULING** on Plaintiffs' request for appointment of pro bono counsel until after they replead their complaint.

## CONCLUSION

For these reasons, the court **ORDERS** Plaintiffs to amend their complaint to cure the pleading deficiencies identified in this order on or before **January 6, 2026**. If Plaintiffs fail to timely file an amended complaint or adequately address the pleading deficiencies that the court has identified, the court **will dismiss** this case under 28 U.S.C. § 1915(e). Because the court orders Plaintiffs to amend their complaint, the court **DENIES AS PREMATURE** Defendants' motion to dismiss the original complaint, (doc. 4). Defendants may reraise their arguments, and make new ones, at the appropriate time.

The court will **DEFER RULING** on Plaintiffs' IFP motion, (doc. 2), and request for appointment of pro bono counsel, (doc. 3), until after Plaintiffs replead their complaint. So the court **DENIES AS MOOT** Plaintiffs' motion for status update on IFP application, (doc. 5).

The court **DIRECTS** the Clerk of Court to refrain from issuing summons to the defendants until the court has screened Plaintiffs' amended complaint under 28 U.S.C. § 1915(e).

The court **DIRECTS** the Clerk of Court to mail a copy of this order Plaintiffs at their address of record.

**DONE** and **ORDERED** on December 16, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE