FILED
2026 Feb-25  AM 08:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2026 FEB 24  A 11: 12
U.S. DISTRICT COURT
N.D. OF ALABAMA  AD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| CHELSEA K. MANDEVILLE and PATRICK KEITH CULLEN, *PLAINTIFFS*, | ) ) ) ) | |
| v. | ) ) | 1:25-cv-00523-CLM |
| LAKELAND CEMETERY SERVICES, INC., EVERSTORY PARTNERS, LLC, and CRAIG HAUPT, individually and in his capacity as Plan Administrator, *DEFENDANTS*. | ) ) ) ) ) ) ) | |

February 7, 2026

## PLAINTIFFS' MOTION TO CONSOLIDATE CASES

Plaintiffs Chelsea K. Mandeville and Patrick Keith Cullen, proceeding pro se, respectfully move this Court pursuant to Federal Rule of Civil Procedure 42(a) to consolidate the following three related cases currently pending in this District:

Chelsea K. Mandeville v. Lakeland Cemetery Services, Inc., et al., Case No. 1:25-cv-01667-RDP;

Patrick Keith Cullen & Chelsea Kaye Mandeville v. Lakeland Cemetery Services, Inc., et al., Case No. 1:25-cv-00523-CLM; and

Patrick Keith Cullen v. Lakeland Cemetery Services, Inc., et al., Case No. 1:25-cv-01665-CLM.

In support of this Motion, Plaintiffs state as follows:

INTRODUCTION

All three cases arise from a common nucleus of operative facts concerning Plaintiffs'
employment by Defendant Lakeland Cemetery Services, Inc. at properties owned and operated
by Defendant Everstory Partners, LLC. The cases involve overlapping parties, witnesses, factual
allegations, and legal issues centered on federal employment statutes including the Affordable
Care Act (ACA), the Employee Retirement Income Security Act (ERISA), and the Americans
with Disabilities Act (ADA). Consolidation will promote judicial economy, prevent duplicative
discovery, and eliminate the risk of inconsistent rulings.

STATEMENT OF FACTS

*THE CASES TO BE CONSOLIDATED:*

    I.     Lead Case: Case No. 1:25-cv-01667-RDP:

This action, filed September 29, 2025, alleges claims for sex discrimination, unequal pay,
disability discrimination, retaliation, and related state-law torts arising from Plaintiffs'
employment with Defendants Lakeland Cemetery Services, Inc., Everstory Partners, LLC, and
Craig Haupt.

    II.    Case No. 1:25-cv-00523-CLM:

This action, filed by both Plaintiffs, alleges whistleblower retaliation under the Affordable Care
Act (29 U.S.C. § 218c) and interference with benefits under ERISA (29 U.S.C. § 1140) arising

2

from Plaintiffs' complaints to the Employee Benefits Security Administration (EBSA) and other protected activities.

III.    Case No. 1:25-cv-01665-CLM:

This action, filed by Plaintiff Patrick Keith Cullen, alleges disability discrimination and retaliation under the Americans with Disabilities Act (42 U.S.C. § 12112 and § 12203) and whistleblower retaliation under the ACA arising from the same employment relationship and course of conduct.

COMMON NUCLEUS OF OPERATIVE FACTS

All three cases arise from the following common core of facts:

a.  Plaintiffs' employment by Defendant Lakeland Cemetery Services, Inc. at properties controlled by Defendant Everstory Partners, LLC;

b.  Plaintiffs' requests for reasonable accommodations for their disabilities (Systemic Lupus Erythematosus and hidradenitis suppurativa);

c.  Plaintiffs' requests for federally-required plan documents from Defendant Craig Haupt as Plan Administrator;

d.  Plaintiffs' complaints to federal agencies including EBSA, OSHA, and the EEOC regarding alleged violations of the ACA, ERISA, and workplace safety laws;

e.  A pattern of alleged retaliatory conduct by Defendants following Plaintiffs' protected activities, including disciplinary notices, paycheck withdrawal, interference with accommodations, surveillance, forced transfer, and ultimate termination on November 1, 2024;

f.  The same key witnesses, including Defendants' supervisory personnel Jeffrey Simpson, Rachel Davenport, Gary Crowe, and Craig Haupt, as well as federal agency representatives;

g.  The same documentary evidence, including EBSA correspondence, OSHA complaints, EEOC charges, plan documents, termination letters, and employment records.

LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides:

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

The decision to consolidate cases lies within the sound discretion of the district court. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

Consolidation is appropriate when:

a.  The actions involve common questions of law or fact;

b.  Consolidation will promote judicial economy and efficiency;

c.  Consolidation will not cause undue delay or prejudice to the parties; and

d.  The risk of jury confusion is minimal.

In re Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977) (*binding on Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981))*.

4

ARGUMENT

The three cases share virtually identical factual backgrounds and raise overlapping legal questions. All three cases:

COMMON FACTS:

   a. Civil filings arise from Plaintiffs' employment with the same employer (Lakeland Cemetery Services, Inc.);

   b. Involve the same defendants or subsets thereof (Lakeland, Everstory, and Craig Haupt);

   c. Concern the same time period (2023-2024)

   d. Involve the same protected activities (requests for accommodations, complaints to federal agencies, opposition to retaliation);

   e. Allege the same pattern of retaliatory conduct culminating in termination on November 1, 2024;

   f. Rely on the same documentary evidence and witness testimony.

COMMON LEGAL QUESTIONS:

   a. Whether Plaintiffs engaged in protected activity under federal employment statutes;

   b. Whether Defendants had knowledge of Plaintiffs' protected activity;

   c. Whether Defendants took materially adverse actions against Plaintiffs;

   d. Whether there is a causal connection between protected activity and adverse actions;

   e. Whether temporal proximity and other circumstantial evidence support an inference of retaliation;

   f. The extent of Everstory's control over employment decisions and workplace conditions;

g. The appropriate measure of damages, including back pay, front pay, and compensatory damages.

h. The substantial overlap of facts and law clearly satisfies the threshold requirement of Rule 42(a).

CONSOLIDATION WILL PROMOTE JUDICIAL ECONOMY AND EFFICIENCY:

Consolidation will serve the core purpose of Rule 42(a) by avoiding duplicative litigation and promoting efficient use of judicial resources.

AVOIDING DUPLICATIVE DISCOVERY:

Without consolidation, Plaintiffs and Defendants would be required to engage in nearly identical discovery in three separate cases, including:

a. Document requests for the same employment records, emails, plan documents, and agency correspondence;

b. Depositions of the same witnesses, including Plaintiffs, Defendants' supervisory personnel, and federal agency representatives;

c. Interrogatories regarding the same events, policies, and decision-making processes;

d. Expert discovery regarding damages calculations.

e. Consolidation will eliminate this wasteful duplication and reduce costs for all parties.

PREVENTING INCONSISTENT RULINGS

The three cases involve the same core factual allegations and overlapping legal claims. Without consolidation, there is a substantial risk that:

6

    a. Different judges could make inconsistent factual findings regarding the same events;

    b. Different judges could reach inconsistent conclusions regarding whether Plaintiffs

       engaged in protected activity;

    c. Different judges could apply different legal standards to the same retaliation claims;

    d. Juries could render inconsistent verdicts on liability and damages.

These risks undermine the integrity of the judicial process and create potential for manifest injustice.

## EFFICIENT CASE MANAGEMENT

Consolidation will allow for:

    a. A single comprehensive scheduling order;

    b. Coordinated motion practice on common legal issues;

    c. A unified pretrial process;

    d. A single trial addressing all claims arising from the same course of conduct.

    e. Consolidation Will Not Cause Undue Delay or Prejudice

    f. Consolidation at this early stage of litigation will not prejudice any party or cause undue

       delay.

## EARLY STAGE OF LITIGATION

All three cases are in their initial stages. No party has engaged in substantial discovery, and no trial dates have been set. Consolidation now will prevent delay, not cause it.

## NO PREJUDICE TO DEFENDANTS

Defendants will benefit from consolidation because they will be able to:

    a. Coordinate their defense strategy across all claims;

    b. Avoid the burden and expense of defending three separate actions involving the same
       facts;

    c. Present a unified defense to all claims arising from the same employment relationship.

    d. All Parties Are the Same or Subsets

Because the defendants in the three cases are either identical or subsets of the same group
(Lakeland, Everstory, and Haupt), there is no risk of prejudice from joining parties with
conflicting interests.

THE RISK OF JURY CONFUSION IS MINIMAL:

The three cases involve the same plaintiffs, the same defendants (or subsets thereof), the same
factual background, and the same pattern of alleged retaliation. The claims arise from a coherent,
chronological narrative that will be easier for a jury to understand as a unified whole rather than
as three fragmented cases. Consolidation will actually reduce jury confusion by:

    a. Presenting a complete, coherent narrative of events;

    b. Avoiding the need to explain why related claims are being tried separately;

    c. Eliminating potential inconsistencies in testimony across multiple trials;

    d. Allowing the jury to evaluate all claims in proper context.

V. CONCLUSION

Consolidation of these three related cases is appropriate under Rule 42(a) and will serve the interests of judicial economy, efficiency, and justice. The cases involve common questions of law and fact, arise from the same nucleus of operative facts, involve the same or overlapping parties, and will benefit from unified case management. Consolidation will prevent duplicative discovery, avoid inconsistent rulings, and promote efficient resolution of all claims.

WHEREFORE, Plaintiffs respectfully request that this Court:

   a. Consolidate Case Nos. 1:25-cv-01667-RDP, 1:25-cv-00523-CLM, and 1:25-cv-01665-CLM;

   b. Designate Case No. 1:25-cv-01667-RDP as the lead case;

   c. Direct Plaintiffs to file a Consolidated Amended Complaint;

   d. Issue a scheduling order for the consolidated action; and

   e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Chelsea K. Mandeville

CHELSEA K. MANDEVILLE, Pro Se

400 W Blue Mountain Rd

Anniston, AL 36201

Email: ckayem@yahoo.com

Phone: 256-770-6253

January 21, 2026

/s/ Patrick K. Cullen

PATRICK K. CULLEN, Pro Se

400 W. Blue Mountain Road

Anniston, AL 36201

Telephone: (256) 589-2167

Email: Phathacked@proton.me

January 21, 2026

[END OF DOCUMENT]

## CERTIFICATE OF SERVICE

Ihereby certify that on January 21, 2026, I   filed the foregoing with the Clerk of Court and all Defendants via USPS mail.

/s/ Chelsea K. Mandeville

CHELSEA K. MANDEVILLE, Pro Se

400 W Blue Mountain Rd

Anniston, AL 36201

Email: ckayem@yahoo.com

Phone: 256-770-6253

January 21, 2026

/s/ Patrick K. Cullen

PATRICK K. CULLEN, Pro Se

400 W. Blue Mountain Road

Anniston, AL 36201

Telephone: (256) 589-2167

Email: Phathacked@proton.me

January 21, 2026