## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **PATRICK KEITH CULLEN,** *et al.*, <br> Plaintiffs, <br><br> **v.** <br><br> **LAKELAND CEMETARY SERVICES INC.**, *et al.*, <br> Defendants. | **Case No. 1:25-cv-523-CLM** |
| **PATRICK KEITH CULLEN,** <br> Plaintiff, <br><br> **v.** <br><br> **LAKELAND CEMETARY SERVICES INC.**, *et al.*, <br> Defendants. | **Case No. 1:25-cv-1665-CLM** |
| **CHELSSEA K. MANDEVILLE,** <br> Plaintiffs, <br><br> **v.** <br><br> **LAKELAND CEMETARY SERVICES INC.**, *et al.*, <br> Defendants. | **Case No. 1:25-cv-1667-RDP** |

## ORDER

Pro se plaintiffs Patrick Keith Cullen and Chelsea Kaye Mandeville (collectively referred to as "Plaintiffs") have filed three separate lawsuits against their employers. The claims and allegations in all these cases involve the same nucleus of operative facts. And Plaintiffs now move to consolidate these cases. As explained below, under Rule 42(a) of the Civil Rules of Procedure, the court will:

- **GRANT IN PART** Plaintiffs' motion to consolidate cases, (Doc. 11 in *Cullen et al v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-523-CLM);
- **DIRECT** the Clerk of Court to **CONSOLIDATE** Case Numbers 1:25-cv-523-CLM, 1:25-cv-1665-CLM, and 1:25-cv-1667-RDP, and **DIRECT** the Clerk of Court to designate *Cullen et al v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-523-CLM the lead case;
- **DENY AS MOOT** Plaintiff's motion for leave to proceed IFP, (doc. 2), and **DENY AS PREMATURE** Plaintiff's motion for equitable tolling, (doc. 3), in *Cullen v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-1665-CLM;
- **DENY AS MOOT** Defendants motions to dismiss, (docs. 10, 12), and Plaintiff's motion to consolidate, (doc. 22) in *Mandeville v. Lakeland Cemetery Services, Inc. et al*, Case No. 1:25-cv-1667-RDP;
- **DIRECT** the Clerk of Court to **ADMINSTRATIVELY CLOSE** Case Numbers 1:25-cv-1665-CLM and 1:25-cv-1667-RDP;
- **GRANT** Plaintiffs' motion for leave to proceed IFP, (Doc. 2 in Case No. 1:25-cv-523-CLM); and
- **DENY** Plaintiffs' motion for leave to file documents electronically, (Doc. 9 in Case No. 1:25-cv-523-CLM).

## DISCUSSION

The court proceeds in three parts. First, the court will address Plaintiffs' motion to consolidate and will resolve the outstanding motions in the consolidated cases. Second, the court will turn to Plaintiffs' motion for leave to proceed in forma pauperis (IFP). And the court will conclude with Plaintiffs' motion to file electronically.

### I. Motion to Consolidate

On April 29, 2025, Plaintiffs sued Lakeland Cemetery Services Inc., Craig Haupt, and Everstory Partners LLC for allegedly violating numerous federal and state laws, including the Affordable Care Act (ACA) and the Employee Retirement Income Security Act (ERISA). (Doc. 1 in *Cullen et al v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-523-

CLM). Then, on September 29, 2025, Plaintiff Cullen sued Lakeland Cemetery Services Inc. and Everstory Partners, alleging many of the same claims as the earlier complaint, and adding claims for violations of the ADA. (*See* Doc. 1 in *Cullen v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-1665-CLM). That same day, Plaintiff Mandeville filed a separate complaint against Lakeland Cemetery Services Inc. and Stonemor Inc. (d/b/a Everstory Partners) bringing Title VII discrimination, ADA, and state law claims. (*See Mandeville v. Lakeland Cemetery Services, Inc. et al*, Case No. 1:25-cv-1667-RDP).

Plaintiffs acknowledge that all three of these cases involve the same parties, similar claims, and arise from a common nucleus of operative facts. So Plaintiffs have filed a motion to consolidate, both in the case before the undersigned, Case No. 1:25-cv-523-CLM, (doc. 11), and in their case before Judge Proctor, Case No. 1:25-cv-1667-RDP, (doc. 22). In their motions, Plaintiffs ask that Judge Proctor's case, Case No. 1:25-cv-1667-RDP, be designated as the lead case. But under this court's practice, the first-filed case is designated as the lead case. Of the Plaintiffs' three cases, the first-filed was *Cullen et al v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-523-CLM. So that case will be designated as the lead.

Accordingly, the court **GRANTS IN PART** Plaintiffs' motion to consolidate cases, (Doc. 11 in *Cullen et al v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-523-CLM). Under Rule 42(a), the court **DIRECTS** the Clerk of Court to **CONSOLIDATE** Case Numbers 1:25-cv-523-CLM, 1:25-cv-1665-CLM, and 1:25-cv-1667-RDP. And the court **DIRECTS** the Clerk of Court to designate *Cullen et al v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-523-CLM the lead case.

Plaintiffs have already filed a consolidated second amended complaint in the lead case. (*See* doc. 10 in *Cullen et al v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-523-CLM). Take note:

> The consolidated amended complaint, (doc. 10), will now serve as the operative complaint of all Plaintiffs' consolidated claims and against all Defendants that Plaintiffs named within the consolidated complaint.

So the court **DIRECTS** the Clerk of Court to add Everstory Partners LLC back as a defendant in the lead case.

In consolidating these cases under *Cullen et al v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-523-CLM, the court must resolve the outstanding motions in the other two cases. So the court **DENIES AS MOOT** Plaintiff's motion for leave to proceed IFP, (doc. 2), and **DENIES AS PREMATURE** Plaintiff's motion for equitable tolling, (doc. 3), in *Cullen v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-1665-CLM. And since Plaintiffs have filed a consolidated amended complaint in the lead case, the court further **DENIES AS MOOT** Defendants motions to dismiss, (docs. 10, 12), and Plaintiff's motion to consolidate, (doc. 22) in *Mandeville v. Lakeland Cemetery Services, Inc. et al*, Case No. 1:25-cv-1667-RDP.

Having resolved all the outstanding motions, the court **DIRECTS** the Clerk of Court to **ADMINSTRATIVELY CLOSE** Case Numbers Case Numbers 1:25-cv-1665-CLM and 1:25-cv-1667-RDP.

## II. Plaintiffs' IFP Motion

In the court's December 16, 2025, order, the court deferred ruling on Plaintiffs' motion for leave to proceed IFP. (*See* doc. 6 in Case No. 1:25-cv-523-CLM). The court ordered Plaintiffs to replead their complaint to address the deficiencies identified in the court's order. Plaintiffs complied with the court's order when they filed their consolidated amended complaint, (doc. 10), which as stated now serves as the operative complaint for the consolidated cases.

The court finds that Plaintiffs' consolidated complaint alleges at least *some* plausible claims for relief against Defendants. So the consolidated complaint survives the court's screening under 28 U.S.C. § 1915(e). And because Judge Proctor previously found that Plaintiffs were indigent and granted Plaintiff's IFP motion, the court will honor that order here. So the court **GRANTS** Plaintiffs' motion to proceed IFP. (Doc. 2 in Case No. 1:25-cv-523-CLM).

The court therefore **ORDERS** all Defendants to file an answer or responsive pleading to Plaintiffs' now operative complaint, (doc. 10 in *Cullen et al v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-523-CLM), **on or before March 23, 2026.**

### III. Plaintiffs' Motion to File Electronically

Plaintiffs ask the court to allow them to file their pleadings electronically using the court's CM/ECF system. (Doc. 9). Plaintiffs make good arguments why allowing them to file electronically would help everyone, and their research on the topic is admirable. But Section I(E)(1) of the court's *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents in the District Court under the CM/ECF System* matter-of-factly bars the practice: "Parties proceeding pro se shall not file electronically." While Section I(E)(4) gives the court some discretion to deviate in certain cases, Section F(2) limits the discretion to attorneys because a valid state bar license number must be given before the clerk can issue a login and password to access the district court's CM/ECF system. So the current rules do not allow the court to give Plaintiffs (who are not attorneys) CM/ECF filing access. The court therefore **DENIES** Plaintiffs' motion to file electronically, (doc. 9).

## CONCLUSION

For these reasons, including its authority under Rule 42, the court:

- **GRANTS IN PART** Plaintiffs' motion to consolidate cases, (Doc. 11 in Case No. 1:25-cv-523-CLM);
- **DIRECTS** the Clerk of Court to **CONSOLIDATE** Case Numbers 1:25-cv-523-CLM, 1:25-cv-1665-CLM, and 1:25-cv-1667-RDP, and **DIRECTS** the Clerk of Court to designate *Cullen et al v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-523-CLM the lead case;
- **DENIES AS MOOT** Plaintiff's motion for leave to proceed IFP, (doc. 2), and **DENIES AS PREMATURE** Plaintiff's motion for equitable tolling, (doc. 3), in Case No. 1:25-cv-1665-CLM;
- **DENIES AS MOOT** Defendants motions to dismiss, (docs. 10, 12), and Plaintiff's motion to consolidate, (doc. 22) in *Mandeville v. Lakeland Cemetery Services, Inc. et al*, Case No. 1:25-cv-1667-RDP;
- **DIRECTS** the Clerk of Court to **ADMINSTRATIVELY CLOSE** Case Numbers 1:25-cv-1665-CLM and 1:25-cv-1667-RDP;
- **GRANTS** Plaintiffs' motion for leave to proceed IFP, (Doc. 2 in Case No. 1:25-cv-523-CLM);
- **ORDERS** Defendants to file an answer or responsive pleading to Plaintiffs' operative complaint, (doc. 10), on or before **March 27, 2026**; and
- **DENIES** Plaintiffs' motion for leave to file documents electronically, (Doc. 9 in *Cullen et al v. Lakeland Cemetery Services Inc et al*, Case No. 1:25-cv-523-CLM).

The court **DIRECTS** the Clerk to mail a copy of this order Plaintiffs at their address of record.

**DONE** and **ORDERED** on March 2, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE