FILED

2026 Mar-26  PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA,
EASTERN DIVISION**

|  |  |
|---|---|
| **PATRICK KEITH CULLEN, et al.,** | **CONSOLIDATED** |
|     **Plaintiffs,** | **Case No. 1:25-cv-523-CLM** |
| **v.** |  |
| **LAKELAND CEMETERY SERVICES INC., et al.,** |  |
|     **Defendants.** |  |

_____

|  |  |
|---|---|
| **PATRICK KEITH CULLEN,** |  |
|     **Plaintiff,** | **Case No. 1:25-cv-1665-CLM** |
| **v.** |  |
| **LAKELAND CEMETERY SERVICES INC., et al.,** |  |
|     **Defendants.** |  |

_____

|  |  |
|---|---|
| **CHELSEA K. MANDEVILLE,** |  |
|     **Plaintiff,** |  |
| **v.** | **Case NO. 1:25-cv-1667-RDP** |
| **LAKELAND CEMETERY SERVICES INC., et al.,** |  |
|     **Defendants.** |  |

**<u>DEFENDANTS LAKELAND CEMETERY SERVICES, INC. AND CRAIG HAUPT IN HIS CAPACITY AS PLAN ADMINISTRATOR'S ANSWER TO PLAITNIFFS' SECOND AMENDED, CONSOLIDATED COMPLAINT</u>**

COME NOW, Defendants Lakeland Cemetery Services ("Lakeland") and Craig Haupt in his alleged capacity as Plan Administrator ("Haupt") (jointly referred to as "Defendants"), and submits this Answer to the Plaintiffs' Second Amended, Consolidated

Complaint dated February 7, 2026, filed February 12, 2026 (Doc. 10), pursuant to this Court's March 2, 2026 Order (Doc. 12). To the extent the Plaintiffs have attempted to raise any claims against Craig Haupt personally, Defendant Haupt denies all claims or any action or involvement personally as he was, at all times relevant herein, acting in his professional capacity.

## NATURE OF ACTION

1.      The law speaks for itself. To the extent this paragraph contains a factual allegation against Defendants, it is denied and strict proof demanded.

## JURISDICTION AND VENUE

2.      The law speaks for itself. Defendants admit jurisdiction and venue are properly before this Court. To the extent this paragraph contains any other factual allegation against Lakeland, it is denied and strict proof demanded.

3.      The law speaks for itself. Defendants admit jurisdiction and venue are properly before this Court. To the extent this paragraph contains any other factual allegation against Defendants, it is denied and strict proof demanded.

## ADMINISTRATIVE PREREQUISITES AND EXHAUSTION OF REMEDIES

4.      Defendants admit they are aware of certain claims and complaints filed with certain administrative agencies, including the EEOC and DOL/OSHA and have filed responses in these matters. Defendants deny any further factual allegations or averments against it which are or may be contained in these paragraphs and demand strict proof thereof.

## PARTIES

5.      Upon information and belief, admitted.

6.      Upon information and belief, admitted.

7.    Denied and strict proof demanded. Defendants admit that Lakeland previously employed the Plaintiffs and that it has, at some points during the years 2023 and 2024, had at least 50 full time or full time equivalent employees.

8.    Defendants lack sufficient information to admit or deny these claims brought against another party.

9.    Haupt admits he is the chief executive officer of Lakeland.

## FACTUAL ALLEGATIONS

### A.  Employment Background and Plan Enrollment

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Defendants admit  that Plaintiffs, at some times, worked approximately 40 hours a week on a seasonal basis. Defendants deny all further allegations and demand strict proof thereof.

14.    Admitted.

15.    Denied as stated, strict proof demanded.

16.    Admitted, only as to those limited periods of time under which Lakeland was subject to these requirements. Lakeland denies all further allegations and demands strict proof thereof.

17.    Denied as stated, strict proof demanded.

### B.  Plaintiffs' Disabilities and Accommodation History

18.    Defendants lack personal knowledge with which to admit or deny these allegations. Defendants have been made aware of Plaintiff Mandeville's Lupus diagnosis.

19.    Defendants lack personal knowledge with which to admit or deny these allegations.

3

20.    Admitted as to reasonable accommodations including purchase and use of a portable sun canopy, denied as to completely employee-determined work schedule.

21.    Defendants lack personal knowledge with which to admit or deny these allegations. Defendants have been made aware of Plaintiff Cullen's Hidradenitis suppurativa diagnosis.

### C.  ACA-Related Protected Activity and Initial Retaliation (March-May 2023)

22.    Defendants lack personal knowledge with which to admit or deny these allegations.

23.    Defendants admit that they received multiple correspondences at multiple times from Plaintiff Mandeville regarding insurance matters. The documents speak for themselves. All other allegations are denied as stated, strict proof demanded.

24.    Defendants admit that they received multiple correspondences at multiple times from Plaintiff Mandeville regarding insurance matters. The documents speak for themselves. All other allegations are denied as stated, strict proof demanded.

25.    Defendants admit that Plaintiffs and Haupt had a phone conversation regarding insurance matters. All other allegations are denied as stated, strict proof demanded.

26.    Defendants lack personal knowledge with which to admit or deny these allegations.

27.    Denied as stated, strict proof demanded.

28.    Defendants admit that they have been made aware of multiple complaints filed by Plaintiffs with multiple administrations or agencies through the response process. All other allegations are denied as stated, strict proof demanded.

29.    Denied as stated, strict proof demanded.

30.    Denied as stated, strict proof demanded.

### D.  EBSA Investigation and Plan Access Problems (June-July 2023)

31.    Defendants admit that Haupt received emails from EBSA regarding complaints or claims filed by the Plaintiffs. The documents speak for themselves.

32.    Defendants admit that they responded to correspondences from EBSA. The documents speak for themselves.

33.    Denied as stated, strict proof demanded.

34.    Defendants admit that they received correspondence from Plaintiffs regarding some of the alleged issues and provided response. The documents speak for themselves. All other allegations are denied as stated, strict proof demanded.

### E.  Medical Crisis, Denial of Medical Leave, and Disparate Treatment (July-August 2023)

35.    Denied as stated, strict proof demanded.

36.    Denied as stated, strict proof demanded.

37.    Admitted as to the use of vacation time.

38.    Denied as stated, strict proof demanded.

39.    Admitted as to refusal to place another employee in the middle of employment matters and requests that communications go through supervisory staff or counsel. Otherwise denied as stated, strict proof demanded.

40.    Defendants admit that they are aware of multiple complaints filed with multiple agencies or administrations by Plaintiff Mandeville.

41.    The law and administrative or statutory relief process speak for themselves; any other factual allegations are denied and strict proof demanded.

42.    This paragraph contains no allegations to which Defendants can respond.

43.    Defendants admit that they are aware of multiple complaints filed with multiple agencies or administrations by Plaintiff Mandeville.

44.    Defendants lack personal knowledge with which to admit or deny these allegations.

45.    Defendant Lakeland admits that there was an error in payroll at this time, but denies any malicious intent or ill will. Defendant Lakeland has resolved the pay discrepancy.

### G. Working Conditions and Everstory Control (2024)

46.    Defendants admit there were changes in personnel requiring redistribution of responsibilities, but denies further allegations and demands strict proof thereof.

47.    Defendants admit the installation of video surveillance but deny the allegations that surveillance is not installed at other work sites or locations.

48.    Defendants admit that Plaintiffs continued to file complaints with various agencies or administrations. All other allegations are denied and strict proof demanded.

49.    Defendants lack personal knowledge regarding correspondences between other persons or parties. All other allegations denied and strict proof demanded.

### H. Accommodation Interference and Hostile Work Environment (July-August 2024)

50.    Admitted.

51.    Denied as stated, strict proof demanded.

52.    Lakeland admits that Plaintiff Mandeville's supervisor, Jeff Simpson, communicated with her regarding premises access. All other allegations denied as stated, strict proof demanded.

53.    Denied as stated, strict proof demanded.

54.    Defendant Haupt admits he has exchanged emails with Plaintiff Mandeville. All other allegations denied as stated, the documents speak for themselves.

55.    Defendants lack personal knowledge regarding these allegations. To the extent this paragraph alleges facts or circumstances concerning Defendants, the same are denied and strict proof demanded.

56.    Defendants lack personal knowledge regarding these allegations. To the extent this paragraph alleges facts or circumstances concerning Defendants, the same are denied and strict proof demanded.

57.    Defendants lack personal knowledge regarding these allegations. To the extent this paragraph alleges facts or circumstances concerning Defendants, the same are denied and strict proof demanded.

58.    Defendants lack personal knowledge regarding these allegations. To the extent this paragraph alleges facts or circumstances concerning Defendants, the same are denied and strict proof demanded.

59.    Defendants lack personal knowledge regarding these allegations. To the extent this paragraph alleges facts or circumstances concerning Defendants, the same are denied and strict proof demanded.

60.    Defendant Lakeland admits that Plaintiff Mandeville and supervisor Jeff Simpson had communications regarding the Crestwood worksite.

### I. Transfer to Forest Lawn Gardens (September-October 2024)

61.    Defendant Lakeland admits that it had conversations with the Plaintiffs regarding lateral transfer to an alternate location.

62.    Admitted.

63.    Denied as stated, strict proof demanded.

64.    Defendants lack personal knowledge regarding the Plaintiffs' communications with another party; Defendants admit that Saturday work was not permitted at the alternate location.

65.    Defendants lack personal knowledge regarding the Plaintiffs' communications with another party.

### J. Notice of Intent to Amend OSHA Complaints and Final Protected Activity (October 2024)

66.    Defendants lack personal knowledge regarding the Plaintiffs' intentions. To the extent this paragraph brings any allegations against them, Defendants deny these allegations and demand strict proof thereof.

67.     Defendants' counsel admits having received email correspondence from Defendants. These documents speak for themselves. All other allegations are denied and strict proof demanded.

68.     Defendants lacked personal knowledge of these actions at that time; strict proof demanded.

### K. Termination (November 1, 2024)

69.     Defendants admit that Plaintiffs were terminated on or about November 1, 2024. All other allegations or inferences are denied and strict proof demanded.

70.     Defendant lacks personal knowledge, but has no reason to dispute this allegation.

71.     Defendants admit to sending a termination notice letter. That document speaks for itself.

72.     Defendants admit to sending a termination notice letter. That document speaks for itself.

73.     Defendants deny the allegations contained in this paragraph and demand strict proof thereof.

### L. Post-Termination Damages

74. Denied as stated, strict proof demanded.

75.     Defendants lack personal knowledge regarding the Plaintiffs' unemployment compensation received. To the extent this paragraph contains allegations against the Defendants, those allegations are denied as stated, strict proof demanded.

76.     Denied as stated, strict proof demanded.

77.     Denied as stated, strict proof demanded.

78.     Denied as stated, strict proof demanded.

79.     Denied as stated, strict proof demanded.

80.     Denied as stated, strict proof demanded.

81. Denied as stated, strict proof demanded.

82. Denied as stated, strict proof demanded.

## COUNT I: ACA WHISTLEBLOWER RETALIATION

83. To the extent that response is required, Defendants restate and incorporate the responses contained in the preceding paragraphs.

84. The law speaks for itself. To the extent this paragraph raises claims or allegations against Defendants, the same are denied and strict proof demanded.

85. Defendants admit to receiving certain notices, specifically as referenced above. The law speaks for itself. All other allegations are denied and strict proof demanded.

86. Defendants admit to receiving certain notices, specifically as referenced above. All other allegations are denied and strict proof demanded.

87. Denied as stated, strict proof demanded.

88. The law speaks for itself; the cited case does not stand for the position which has been recited to this Court.

89. Denied as stated, strict proof demanded.

90. Denied as stated, strict proof demanded.

To the extent the Plaintiffs' WHEREFORE paragraph requires response, Defendants deny that Plaintiffs are entitled to the relief they seek and demand strict proof thereof.

## COUNT II: ERISA § 510 INTERFERENCE

91. To the extent that response is required, Defendants restate and incorporate the responses contained in the preceding paragraphs.

92. The law speaks for itself.

93. The law speaks for itself.

94.    Defendants admit to receiving certain correspondence, as described above. Otherwise, denied and strict proof demanded.

95.    Denied as stated, strict proof demanded.

96.    Denied as stated, strict proof demanded. The case, as cited, does not exist. There appears to be a Perdue v. Roy Stone Transfer Corp. 690 F.2d 1091 (4th Cir. 1982). This case does not mention or deal with ERISA, nor does it stand for the proposition cited by the Plaintiffs.

97.    Denied as stated, strict proof demanded. The cited case does not stand for the position for which it has been recited.

98.    Denied as stated, strict proof demanded.

To the extent the Plaintiffs' WHEREFORE paragraph requires response, Defendants deny that Plaintiffs are entitled to the relief they seek and demand strict proof thereof.

## COUNT III: ERISA § 502 (c)(1) DOCUMENT PENALTIES

99.    To the extent that response is required, Defendants restate and incorporate the responses contained in the preceding paragraphs.

100.    The law speaks for itself.

101.    The law speaks for itself.

102.    Defendants admit to having received certain correspondences from Plaintiff Mandeville, as stated above.

103.    Denied as stated, strict proof demanded.

104.    Denied as stated, strict proof demanded.

105.    Denied as stated, strict proof demanded.

106.    The law speaks for itself. Otherwise, denied as stated, strict proof demanded.

107.    The law speaks for itself. To the extent this paragraph alleges claims against the Defendants, denied and strict proof demanded.

108.    Denied as stated, strict proof demanded.

To the extent the Plaintiffs' WHEREFORE paragraph requires response, Defendants deny that Plaintiffs are entitled to the relief they seek and demand strict proof thereof.

## COUNT IV: ADA DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE (MANDEVILLE)

109.    To the extent that response is required, Defendants restate and incorporate the responses contained in the preceding paragraphs.

110.    Defendants lack personal knowledge regarding Plaintiff's medical condition. Defendants have been made aware that Plaintiff Mandeville has been diagnosed with Lupus.

111.    Denied as stated, strict proof demanded. Defendants have provided accommodations through the use of a sun canopy purchased for the Plaintiff's use.

112.    Admitted.

113.    Denied as stated, strict proof demanded.

114.    Denied as stated, strict proof demanded.

115.    Denied as stated, strict proof demanded. The case, as cited, does not exist. 900 F.3d 1240-1257 references Dish Network LLC v. Ray (10th Cir. 2018), a case involving arbitration of a wage claim in Colorado.

116.    Defendants lack personal knowledge regarding Plaintiff's communication with other parties. To the extent this paragraph contains allegations against Defendants, the same are denied, strict proof demanded.

117.    Defendants lack personal knowledge regarding Plaintiff's communication with other parties. To the extent this paragraph contains allegations against Defendants, the same are denied, strict proof demanded.

118.    Defendants lack personal knowledge regarding Plaintiff's communications and interactions with other parties. To the extent this paragraph contains allegations against Defendants, the same are denied, strict proof demanded.

119.    Denied as stated, strict proof demanded.

120.    Denied as stated, strict proof demanded.

121.    Denied as stated, strict proof demanded. The law speaks for itself. The case cited does not stand for the position or allegation for which it has been cited.

122.    Denied as stated, strict proof demanded.

To the extent the Plaintiffs' WHEREFORE paragraph requires response, Defendants deny that Plaintiffs are entitled to the relief they seek and demand strict proof thereof.

## COUNT V: ADA RETALIATION

123.    To the extent that response is required, Defendants restate and incorporate the responses contained in the preceding paragraphs.

124.    The law speaks for itself.

125.    Denied as stated, strict proof demanded.

126.    Defendants admit that they have been, at some time, made aware of certain diagnoses. Defendants deny further allegations as stated and demand strict proof thereof.

127.    Denied as stated, strict proof demanded.

128.    Denied as stated, strict proof demanded.

129.    The law speaks for itself. The cited cases do not stand for the proposition for which they are presented to this Court. For example, in Thomas v. Cooper Lighting, Inc.,. 506 F.3d 1361 (11th. Cir. 2007) the 11th Circuit cites cases which specifically say three and four month periods are insufficient ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough."). In Drago v. Jenne, 453 F.3d 1301 (11th Cir. 2006), does not contain the word "hour(s)"

and specifically found that the employer did not violate the employee's rights under FMLA and affirmed summary judgment.

130. Denied as stated, strict proof demanded.

131. Denied as stated, strict proof demanded.

To the extent the Plaintiffs' WHEREFORE paragraph requires response, Defendants deny that Plaintiffs are entitled to the relief they seek and demand strict proof thereof.

## COUNT VI: ADA DISABILITY DISCRIMINATION - FAILURE TO ACCOMMODATE (CULLEN)

132. To the extent that response is required, Defendants restate and incorporate the responses contained in the preceding paragraphs.

133. Defendants lack personal knowledge regarding the Plaintiff's medical condition, but admits being made aware of the Defendant's hidradenitis suppurativa diagnosis at some point. The law speaks for itself.

134. Denied as stated, strict proof demanded, specifically with respect to how prescribed medication or paid medical leave constitute reasonable accommodations.

135. Defendants admit that they offer, along with certain third parties, certain coverage benefits to employees. Otherwise, denied as stated and strict proof demanded.

136. Denied as stated, strict proof demanded.

137. Denied as stated, strict proof demanded.

138. Defendants lack personal knowledge regarding the Plaintiff's medical treatment. Otherwise, denied as stated, strict proof demanded.

139. Denied as stated, strict proof demanded.

140. Defendants admit that Plaintiffs were required to use vacation time rather than paid medical leave. Otherwise, denied as stated, strict proof demanded.

141. Denied as stated, strict proof demanded. The law speaks for itself.

142. Denied as stated, strict proof demanded.

143. Denied as stated, strict proof demanded.

13

144. Denied as stated, strict proof demanded.

145. Denied as stated, strict proof demanded.

To the extent the Plaintiffs' WHEREFORE paragraph requires response, Defendants deny that Plaintiffs are entitled to the relief they seek and demand strict proof thereof.

## COUNT VII: TITLE VII SEX DISCRIMINATION

146. To the extent that response is required, Defendants restate and incorporate the responses contained in the preceding paragraphs.

147. Denied as stated, strict proof demanded.

148. Denied as stated, strict proof demanded.

149. Denied as stated, strict proof demanded.

150. Denied as stated, strict proof demanded.

151. Denied as stated, strict proof demanded.

152. Defendants lack personal knowledge regarding communications Plaintiffs have had with other parties. Otherwise, denied as stated, strict proof demanded.

153. Admitted.

154. Denied as stated, strict proof demanded.

155. Denied as stated, strict proof demanded.

To the extent the Plaintiffs' WHEREFORE paragraph requires response, Defendants deny that Plaintiffs are entitled to the relief they seek and demand strict proof thereof.

## PRAYER FOR RELIEF

To the extent the Plaintiffs' PRAYER FOR RELIEF requires response, Defendants deny that Plaintiffs are entitled to the relief they seek and demand strict proof thereof.

## DEFENSES

COME NOW, the Defendants, having answered the Plaintiffs' Complaint, and bring forth the following defenses, including affirmative defenses:

1.      Unless expressly or admitted above, Defendants deny every allegation contained in the Complaint and the veracity of the same. Defendants demand strict proof of the material allegations contained in the Complaint.

2.      Defendants plead the general issue.

3.      Plaintiffs have intentionally, negligently, or wantonly misrepresented the law to this Court or cited cases that do not exist or explicitly do not stand for the proposition for which they are presented to this Court.

4.      Plaintiffs have failed to meet their burden of proving their case and their standing to bring this action.

5.      Plaintiffs lack standing to assert the claims in their Complaint.

6.      Plaintiffs' Complaint fails to state a justiciable controversy.

7.      Defendants plead participation or contributory action by the Plaintiff or the Plaintiff's failure to mitigate damages.

8.      Defendants plead the doctrines of waiver, estoppel, collateral, res judicata, and laches.

9.      Defendants plead failure to join indispensable parties, misjoinder or nonjoinder.

10.     Defendants plead that the statute of limitations has run for all applicable claims. Defendants specifically plead that there is no tolling of the mandatorily promulgated period during which Plaintiffs maintain the right to sue or other time bars.

11.     Plaintiffs have failed to bring their claims in a timely manner or to meet the mandatory timely filing requirements of 42 U.S.C.A. § 2000e-5(f)(1).

12.     Plaintiffs have failed to exhaust their administrative remedies before filing this action or invoking the jurisdiction of this Court. Specifically, but not limited to,

failing to raise these issues within one hundred and eighty (180) days of their occurrence pursuant to 29 C.F.R. §§ 1984.103(d).

13. Defendants claim that any damages, with respect to claims asserted against the Defendants, result from acts, omissions, or events other than those alleged by the Plaintiffs, not due to acts of the Defendants, without proximate cause, or due to the Plaintiffs' own actions. Plaintiff's claims are barred, in whole or in part, by the absence of direct causation and/or by the occurrence of intervening and/or superseding causes beyond the Defendants' control. Plaintiffs have failed to allege or prove causation.

14. Defendants relied on professional advice or services provided by subcontractors or other contracting entities, such as its human resources system/group and/or its health insurance company point of contact.

15. Defendants' actions were reasonable under the circumstances. Defendants acted as a reasonable person in same or similar circumstances. Defendants' actions met industry standards.

16. All or part of Plaintiffs' alleged harm is merely speculative.

17. Defendants' actions or inactions are reasonable under the circumstances.

18. Subject to proof through discovery, some or all of the actions asserted by the Plaintiffs are barred by the doctrine of unclean hands, unjust enrichment, in pari delicto, or all of the above.

19. Defendants plead illegality, payment, and unconscionability, to the extent they may apply.

20. Defendants deny any basis in fact or law for an award of damages against the same.

21. Plaintiff's actions or inactions have failed to mitigate or reduce their damages; Plaintiff has failed to sell or attempt to sell the subject collateral for fair market value or best possible price.

22. It would be a violation of federal and state due process rights to require the Defendants to be encumbered or assessed with liabilities that are essentially penal and punitive in nature, not remedial, on any burden of proof that is less stringent than

"beyond a reasonable doubt" including, without limitation, a burden of nothing more than a mere "preponderance" of the evidence, without a speedy, public trial by jury.

23.    No act or omission of Defendants was malicious, willful, wanton, reckless, grossly negligent, or intentional and, therefore, any award of punitive damages is barred under state and Constitutional law.

24.    The claims alleged in the Plaintiffs' Complaint were caused in whole or in part by third parties over which Defendants have no control.

25.    To the extent Plaintiffs have attempted to assert damages or fines on behalf of governmental agencies, the Plaintiffs do not have the authority to do so, nor do they have the ability to claim those damages on behalf of those agencies.

26.    Defendants re-allege and reincorporate those arguments which have been previously asserted in response to complaints the Plaintiffs have previously brought before governmental agencies, including the EEOC and DOL.

27.    Defendants re-allege and reincorporate the arguments which have been previously alleged in their motions to dismiss each or all of the consolidated cases before this Court.

28.    Defendants raise and allege any defense available to them pursuant to the applicable statutes.

29.    Defendant Haupt acted, at all times, in his professional capacity. Defendant Haupt has no personal knowledge and has taken no action in his personal capacity with respect to the claims brought forth in the Complaint.

30.    Defendants plead any other defense available to it under state or federal law.

Defendants reserve the right to supplement their Answer and Defenses with additional defenses that may become available or apparent during the course of investigation, preparation, or discovery and to amend their Answer accordingly.

/s/ Megan Phillips Huizinga
Megan Phillips Huizinga
Attorney for Defendant
 Lakeland Cemetery Services
ASB 8352I21H
KNOWLES & SULLIVAN, LLC
413 Broad St. Gadsden, AL 35901
Megan@kkslawgroup.com
256-547-7200

## CERTIFICATE OF SERVICE

COMES NOW the undersigned counsel of record, and certifies that a copy of the foregoing document has been served on all parties and/or their counsel on this, the 26th day of March, 2026 via the online filing system and/or by placing the same in the mail, prepaid postage applied, addressed to parties or counsel, as applicable.


Parties to be served:

*Chelsea Mandeville*              *Patrick Cullen*
*400 W. Blue Mountain Rd.*        *400 W. Blue Mountain Rd.*
*Anniston, AL 36201*             *Anniston, AL 36201*
*ckayem@yahoo.com*               *phathacked@proton.me*


*Everstory Partners, LLC*
*Through Counsel - CM/ECF System*


/s/ Megan Phillips Huizinga
Megan Phillips Huizinga
ASB 8352I21H

18