FILED

2026 Mar-27  PM 04:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CHELSEA K. MANDEVILLE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LAKELAND CEMETERY SERVICES, INC., STONEMOR INC. d/b/a EVERSTORY PARTNERS, and CRAIG HAUPT,**<br><br>**Defendants.** | **CIVIL ACTION NO.:**<br>**1:25-cv-00523-CLM** |

## DEFENDANT STONEMOR INC. d/b/a EVERSTORY PARTNERS MOTION TO DISMISS

**COMES NOW** Defendant, **StoneMor Inc. d/b/a Everstory Partners**, ("Everstory" or "Defendant"), and moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims asserted against them. As grounds for said motion, Everstory states that Plaintiffs have asserted no plausible claim upon which relief may be granted. In support of this Motion, Defendant states as follows:

### I.    Introduction

Plaintiff, Chelsea Mandeville ("Mandeville"), was employed by Lakeland Cemetery Services, Inc. ("Lakeland") as a mower and landscaper in June 2021. [Doc. 10, ¶ 5]. Plaintiff, Patrick Cullen ("Cullen"), was employed by Lakeland as a

crew leader in May 2010. [Doc. 10, ¶ 6].

On March 11, 2024, incorrectly stated as April 29, 2024, Mandeville filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Everstory, alleging retaliation based on a disability and engagement in protected activity under the Americans with Disabilities Act ("ADA"). [Doc. 10, p. 3]. On June 25, 2025, the EEOC issued Mandeville a Right to Sue Letter. [Doc. 10, p. 3].

Cullen alleges an EEOC charge was filed against Everstory and a subsequent Notice of Right to Sue was received on June 25, 2025; however, the identified Charge Number and letter in Exhibit B of the Complaint do not match. [Doc. 10, ¶ 4]. The misidentification of the EEOC Charge Number fails to establish administrative remedies have been exhausted by Cullen and does not allow Defendant to identify the allegations asserted. In fact, the EEOC Charge Number 420-2025-00189, names Lakeland as the employer and fails to identify Everstory.

Mandeville and Cullen filed the first lawsuit against Everstory on April 9, 2025, but failed to perfect service on Everstory. Plaintiffs subsequently amended their Complaint but excluded Everstory as a defendant. Cullen then initiated a second lawsuit against Everstory on September 25, 2025, but failed to amend his Complaint by January 30, 2026, pursuant to a Court order.  To the best of Everstory's ability to decipher the same, Plaintiffs' Second Amended Consolidated Complaint

filed on February 12, 2026, asserts three counts against Everstory, including Count IV – ADA Disability Discrimination Failure to Accommodate with respect to Mandeville, Count V Retaliation (ADA), and Count VI – ADA Disability Discrimination Failure to Accommodate with respect to Cullen.  [Doc. 10, ¶¶ 25-27].

## II.    Statement of Factual Allegations

1.    Mandeville was hired by Lakeland in June of 2021 as a mower and landscaper.  [Doc. 10, ¶ 5].

2.    Cullen was hired by Lakeland in May 2010 as a grounds maintenance worker and promoted by Lakeland to crew leader in 2017. [*Id*. at ¶ 10].

3.    An affiliate of Everstory owns the premises at which Mandeville and Cullen performed landscaping job duties as employees of Lakeland. [*Id*. at ¶¶ 8, 12].

4.    Mandeville alleges to have disclosed her disability to Lakeland Regional Supervisor Jeffrey Simpson," who is an employee of Lakeland, not Everstory. [Doc. 10 at ¶ 20].

5.    Mandeville alleges Lakeland provided an accommodation of flexible hours for her disability. [*Id*.].

6.    In July 2024, Everstory sought to enforce already-existing property access rules for security and safety purposes, including hours during which any individual could be on the property.  As a result, Mandeville alleges Lakeland

adjusted her employment hours to comply with property access restrictions. [*Id*. at ¶¶ 50, 53].

7.    Mandeville and Cullen acknowledge their supervisor Simpson, an employee of Lakeland, informed them of the property access rules. [*Id*.].

8.    Mandeville and Cullen are not employees of Everstory, rather both Plaintiffs were directly employed by Lakeland. [*Id*. at ¶¶ 5-7, 10-11, 13, 15, 24, 25, 37, 39, 45].

9.    While Mandeville and Cullen allege facts they claim demonstrate "Everstory Control," every such alleged fact is directed at Lakeland as the employer. [*Id*. ¶¶ 46-49].

10.    Lakeland terminated Mandeville and Cullen's employment on November 1, 2024. [*Id*. at ¶ 69].

11.    Everstory was not Mandeville or Cullen's employer; Lakeland was, as Plaintiffs acknowledge in the Complaint. [Doc. 10, ¶¶ 5, 10].

## III.    Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  It similarly "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79.

The Supreme Court has identified two working principles for courts to follow in ruling on motions to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Defendant Everstory denies that Plaintiffs' claims have any factual basis and sharply contests the allegations made by Plaintiffs. However, even accepting the factual allegations as true, Plaintiffs' claims are facially deficient for the reasons described below. Accordingly, the Court should dismiss all claims against Defendant Everstory.

## IV.   Argument

### A. Mandeville and Cullen's Claims Are Not Plausibly Pleaded Under *Twombly* and *Iqbal* and Must Be Dismissed.

Plaintiffs' Complaint is insufficient to state a plausible claim for relief against Everstory. The allegations asserted against Everstory are precisely the type of claims that are not permissible under *Twombly* and *Iqbal.* Plaintiffs have not alleged facts that could support any cause of action against Everstory. For example, Plaintiffs allege a joint employer relationship between Lakeland and Everstory but fail to assert any facts establishing the same. Plaintiffs further assert conclusory allegations of discrimination based on property time restrictions but fail to allege

any connection to Plaintiffs' disabilities.  The allegations asserted by Plaintiffs are unsupported, vague conclusions of law, that fail to establish plausible claims for relief.  As such, the claims against Everstory are due to be dismissed.

### B. Plaintiffs' Federal Discrimination and Retaliation Claims Fail Because Everstory Was Not Their Employer.

Plaintiffs' claims under Title VII and the ADA require the existence of an employer-employee relationship between Plaintiff and Everstory. See 42 U.S.C. § 2000e-2(a) (prohibiting discrimination by "an employer"); 42 U.S.C. § 12112(a) (same under the ADA). The existence of an employment relationship is a threshold requirement for maintaining an action under these statutes. *See Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1234 (11th Cir. 2004).

It is undisputed that Plaintiffs were hired by and worked for Lakeland.  [Doc. 10 at ¶¶ 5-7, 10-11, 13].  Everstory was not the Plaintiffs' employer during the period referenced in the Complaint.  Lakeland is a separate corporate entity that engaged Plaintiffs directly and maintained exclusive authority over their employment.  As Mandeville and Cullen note, Everstory's affiliate merely owns the property at which Mandeville and Cullen worked for their employer, Lakeland, performing mowing and landscaping duties. The Complaint does not *plausibly* allege that Everstory was a joint employer of Mandeville and Cullen, nor could they make such allegation. The tenet that a court must accept as true all of the allegations contained in a

complaint does not apply to legal conclusions such as the one made by Mandeville and Cullen claiming that Everstory was an employer or joint employer.  *Iqbal*, 556 U.S. at 678.  As such, Mandeville and Cullen's claims against Everstory are due to be dismissed.

### C. Mandeville and Cullen Fail to Assert a Plausible *Prima Facie* Claim for Discrimination Under the ADA.

Plaintiffs fail to assert a *prima facie* case of disability discrimination against Everstory under the ADA. The ADA provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a). Under the ADA, an employer must also make reasonable accommodations that allow a disabled individual to perform his or her job, unless that accommodation would cause an undue hardship.  42 U.S.C. § 12112(b)(5)(A).

In order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate that: "(1) [s]he is disabled; (2) [s]he was a 'qualified individual' at the relevant time, meaning [s]he could perform the essential functions of the job in question with or without reasonable accommodations; and (3) [s]he was discriminated against because of his disability." *Lucas v. W.W. Grainger, Inc.*, 257

F.3d 1249, 1255 (11th Cir. 2001) (citing *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000)).  If a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to demonstrate legitimate, nondiscriminatory reasons for its actions. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). Once a defendant meets that burden, the plaintiff must then "show that the employer's reasons were pretexts for intentional discrimination." *Id.* "An employer's duty to provide a reasonable accommodation ... 'is not triggered unless a specific demand for an accommodation has been made.'" *Adigun v. Express Scripts, Inc.*, 742 Fed. App'x. 474, 476 (11th Cir. 2018) (citing *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir.1999)).

Here, even if Plaintiffs could demonstrate an employer-employee relationship, Plaintiffs do not allege facts sufficient to establish they were disabled, that they were qualified individuals at the relevant time with or without accommodations, or that Everstory discriminated against them in violation of the ADA.  In fact, Plaintiffs do not even allege that Everstory was involved in any way with decisions concerning accommodations that Plaintiffs claim were requested and received.  Plaintiffs admit accommodation requests were made to Lakeland, not Everstory. Plaintiffs make vague allegations and conclude that Everstory discriminated against them for nothing more than enforcing the times during which their property could be accessed.  Such unsupported, conclusory allegations are

insufficient to withstand this motion to dismiss.  Plaintiffs do not allege nor could they allege Everstory received a request for accommodation, maintained control over Plaintiffs' work schedule, or had knowledge of Plaintiffs' alleged disabilities. Plaintiffs fail to assert any allegations against Everstory that establish a claim for discrimination under the ADA or failure to accommodate a disability under the ADA. Accordingly, the unsupported and conclusory allegations are due to be dismissed.

### D. Plaintiffs Have Not Pleaded a *Prima Facie* Claim for Retaliation.

To establish a claim for retaliation under the ADA, an employee must show that: (1) she/he engaged in statutorily protected conduct; (2) she/he suffered an adverse employment action; and (3) there was a causal relationship between the action and her protected expression. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999).  "An employee participates in a protected activity when she makes "a request for a reasonable accommodation." *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016). ADA retaliation claims are assessed under the same burden-shifting framework as Title VII retaliation claims. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). "Under this framework, the plaintiff has the initial burden to establish a *prima facie* case of retaliation, and once he does, "the burden shifts to the employer to articulate a

nondiscriminatory reason for the adverse action." *Standard*, at 1331. "If the employer does so, the burden shifts back to the employee to demonstrate that the employer's proffered reason was pretextual by presenting evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Id.*

In this case, Plaintiffs' claim for ADA retaliation fails for several reasons. First, they have not, and cannot, establish that Everstory was an employer, joint or otherwise.   Without an employee/employer relationship, plaintiffs' claims fail. Further, Plaintiffs do not plausibly allege facts that would support a *prima facie* claim of retaliation by Everstory.  Instead, Plaintiffs assert conclusory allegations of suffering an adverse action because Everstory enforced time restrictions for access to their private property and because Plaintiffs were transferred to a new location which was agreed to by Plaintiffs.

Further, Plaintiffs allege a causal connection based on temporal proximity; however, Mandeville and Cullen admit Lakeland terminated their employment, thus a causal connection does not exist with respect to Everstory. Plaintiffs cannot establish that Everstory was their employer and fail to allege any facts that could plausibly establish a *prima facie* claim of retaliation against Everstory under the ADA.  Accordingly, Plaintiffs claim is due to be dismissed.

### E. Cullen's ADA Disability Discrimination – Failure to Accommodate

**Claim Against Everstory is Due to Be Dismissed For Failure to Exhaust the Administrative Requirements to Maintain a Lawsuit.**

To pursue a claim under the ADA a plaintiff must first exhaust his administrative remedies. *See Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001) (stating timely filing a charge of discrimination is a prerequisite to bringing a suit under the ADA). Ordinarily, an ADA plaintiff must file a charge complaint about an allegedly unlawful employment practice with the EEOC within 180 days of the employment practice. *Id*. The EEOC then must issue notice of plaintiff's right to sue and a civil action filed within ninety days after the issuance of the letter. *See Miller v. Georgia*, 223 Fed. App'x 842, 844 (11th Cir. 2007). Where the Complaint reveals a discrepancy between the claims asserted in the charge and judicial claims, such new allegations are inappropriate. *See Gregory v. Ga Dep't of Human Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004).

Here, Cullen asserts that he has established his administrative prerequisites by filing an EEOC Charge of Discrimination against Everstory, Charge No. 420-2025-00189, and received a Right to Sue Letter, prior to initiating this lawsuit. [Doc. 10, ¶ 4]. However, the identified Charge of Discrimination was filed against Lakeland as his employer, not Everstory. In fact, Everstory is not identified in the Charge of Discrimination. Cullen alleges a claim of ADA discrimination against Everstory in this case but failed to satisfy the administrative prerequisites of asserting the same.

As a result, Cullen's ADA discrimination claim against Everstory must be dismissed.

### F. The Complaint is an Impermissible Shotgun Pleading and is Due to be Dismissed.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The "self-evident" purpose of Rule 8(a) is to require plaintiffs to present their claims discretely and succinctly, so that their adversary can discern what the plaintiffs are claiming and frame a responsive pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1319 (11th Cir. 2015)) (internal citations omitted). Compliance with these rules allows the Court and the defendants to determine "which facts support which claims." *Id*.

The Eleventh Circuit Court of Appeals identifies four types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). They are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," (2) a complaint that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular

cause of action," (3) "one that commits the sin of not separating into a different count each cause of action or claim for relief;' and (4) "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Plaintiffs' Consolidated Complaint is replete with conclusory, vague, and immaterial facts not obviously connected to a particular cause of action. The Complaint does not provide sufficient information for Everstory to determine with certainty what claims are asserted against it and the factual allegations that support each alleged claim. Instead, Everstory is left to decipher the factual allegations and guess what allegations apply to the claims asserted. As it is clearly a prohibited shotgun pleading, the Complaint in this case is due to be dismissed.

## V.    Conclusion

For the reasons stated hereinabove, all claims in the Complaint asserted against Everstory are due to be dismissed under Federal Rule of Civil Procedure 12(b)(6)

WHEREFORE these premises considered, Defendant Everstory moves this Court to dismiss Plaintiffs' Complaint against it.

Respectfully submitted this, the 27th day of March 2026,

*/s/ Melisa C. Zwilling*

**Melisa C. Zwilling (asb-5026-r71m)**
*Attorney for Defendant*

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
Telephone: (205) 822-2006
Fax: (205) 822-2057
mzwilling@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 27th day of March 2026, the foregoing document was electronically filed with the Clerk of this Court and served upon the following using the CM/ECF system:

Chelsea K. Mandeville
Street Address Redacted
Birmingham, AL 35203
*Pro Se*

/s/Melisa C. Zwilling
OF COUNSEL