FILED
2026 Apr-09  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHERN DIVISION

FILED

2026 APR -8  P 12: 35

U.S. DISTRICT COURT
N.D. OF ALABAMA

PATRICK KEITH CULLEN, et al.,

Plaintiffs,

v.

LAKELAND CEMETERY SERVICES, INC.,

et al., Defendants.

Case No. 1:25-cv-00523-CLM

April 2, 2026

## PLAINTIFF PATRICK KEITH CULLEN'S INDIVIDUAL RESPONSE IN OPPOSITION TO DEFENDANT STONEMOR INC. D/B/A EVERSTORY PARTNERS' MOTION TO DISMISS

Plaintiff **Patrick Keith Cullen**, proceeding pro se, files this individual response in opposition to Defendant **StoneMor Inc. d/b/a Everstory Partners'** motion to dismiss and states as follows:

## INTRODUCTION

Everstory's motion should be denied because it asks the Court to do what Rule 12(b)(6) does not permit: reject the complaint's factual allegations, draw inferences in Everstory's favor, and resolve disputed facts on the pleadings.

1

Patrick Cullen's claim against Everstory is primarily one for **ADA retaliation and interference** arising from his support for **Chelsea Mandeville's** ADA-protected rights and his participation in protected activity concerning her disability accommodation and related discrimination complaints. The operative complaint alleges that Patrick supported Chelsea's protected activity, that the **August 2024** accommodation-related events involving Everstory personnel marked a turning point in worsening hostility, that he later transferred to another location connected to Everstory, that his previously agreed working hours were not honored there, and that he was terminated on **November 1, 2024**. See **Compl. ¶¶ 21–34, 46–49, 50–60, 61–69, 123–145**.

Everstory's exhaustion argument also fails. Patrick filed **EEOC Charge No. 420-2025-00189** against Lakeland and **EEOC Charge No. 420-2025-01381** against Everstory Partners, and he received **Notices of Right to Sue dated June 25, 2025**. Charge No. 420-2025-01381 specifically named **Everstory Partners** as the respondent, alleged **disability** and **retaliation**, covered the period from **August 1, 2024 through November 1, 2024**, alleged Patrick's active involvement in Chelsea's prior EEOC charges, alleged that Chelsea's accommodation was rescinded around **August 8, 2024**, alleged transfer to another location contracted by the respondent, alleged that previously agreed hours were not honored after transfer, alleged termination on **November 1,**

**2024**, and identified **Gary Crowe, Rachel Logan, and Harold McClellan** as Everstory personnel. Everstory therefore cannot show any failure-to-exhaust defect apparent on the face of the pleadings.

For these reasons, the motion should be denied. In the alternative, Patrick respectfully requests leave to amend.

## I. PROCEDURAL POSTURE

This is the consolidated action pending under **Case No. 1:25-cv-00523-CLM**.

The Court consolidated the related actions and directed that the **Second Amended Consolidated Complaint** serve as the operative complaint in the lead case. Everstory was added back as a defendant in the lead case, and Everstory then filed the present motion to dismiss directed to the operative complaint.

This brief addresses only Plaintiff Patrick Keith Cullen's claims and arguments.

## II. GOVERNING STANDARD

A complaint need only contain a short and plain statement showing that the pleader is entitled to relief. To survive a Rule 12(b)(6) motion, the complaint must allege enough facts to state a plausible claim for relief. In deciding a motion to dismiss, the Court accepts well-pleaded factual allegations as true and draws

3

reasonable inferences in the plaintiff's favor. The Court does not weigh evidence, decide disputed facts, or adopt the defendant's competing factual narrative.

Dismissal is therefore improper where the complaint plausibly alleges a claim and the defendant's arguments depend on disputed factual characterizations or on narrowing the complaint beyond its fair reading.

## III. ALLEGATIONS RELEVANT TO PATRICK CULLEN

The operative complaint alleges, among other things, that:

1. Patrick Cullen is a named plaintiff in this action. **Compl.  6.**

2. Patrick worked for Lakeland but performed work at locations owned, controlled, or managed in relevant part by Everstory. **Compl. ¶¶ 8, 12, 46–49.**

3. Patrick had a serious disabling medical condition identified in the complaint as hidradenitis suppurativa, Hurley Stage 3, requiring ongoing treatment. **Compl. ¶¶ 21–34.**

4. Chelsea Mandeville engaged in protected disability-related activity, including disability accommodation requests and discrimination and retaliation complaints, and Patrick supported and participated in those matters. **Compl. ¶¶ 21–34.**

5. Around August 2024, the work situation changed in ways that affected Plaintiffs' hours, transfer, and work conditions, including accommodation-related and access-related problems at Everstory-controlled sites. **Compl. ¶¶ 46–49, 50–60.**

6. Patrick later transferred to another location connected to Everstory, but the hostility continued and his previously agreed working hours were not honored after transfer. **Compl. ¶¶ 61–69.**

7. Patrick was terminated on November 1, 2024. **Compl. ¶¶ 61–69.**

8. Patrick pursued administrative remedies before filing suit. **Compl. 4.**

These allegations are sufficient to place Everstory on notice of the factual basis of Patrick's claims.

## IV. ARGUMENT

### A. Everstory's Motion Improperly Disputes the Complaint's Factual Allegations at the Pleading Stage.

Everstory's motion depends on factual premises that cannot be resolved on Rule 12(b)(6). It argues that Everstory was merely a property owner, that its conduct amounted only to neutral site restrictions, that Patrick's transfer was non-

5

actionable, and that Lakeland alone was responsible for the relevant employment decisions. Those are merits arguments. They depend on factual inferences favorable to Everstory and contrary to the complaint.

The complaint alleges more. It alleges Everstory's involvement in the worksites, in access restrictions, in the August 2024 events involving Chelsea's accommodation, in the transfer-related circumstances, and in the worsening conditions that preceded Patrick's termination. See **Compl. ¶¶ 8, 12, 46–49, 50–60, 61–69.** The Court must accept those allegations as true at this stage.

## B. Patrick Plausibly Alleges ADA Retaliation and Interference by Everstory Based on His Support of Chelsea's ADA Rights.

Patrick's claim against Everstory is primarily one for **ADA retaliation and interference.** The complaint alleges that he supported Chelsea's protected activity, advocated for her after the August 2024 accommodation-related interactions involving Everstory personnel, and then experienced continuing hostility, transfer-related consequences, loss of previously agreed working hours, and termination. See **Compl. ¶¶ 21–34, 46–49, 50–60, 61–69, 123–145.**

That theory is a plausible one on the face of the complaint. Everstory's motion attempts to recast Patrick's allegations as too indirect or as involving only

Lakeland. But the complaint alleges Everstory-linked conduct and Everstory-connected locations as part of the same course of events. Those allegations are sufficient to state a claim.

## C. The Complaint Plausibly Alleges Everstory's Involvement in the Relevant Work Conditions and Adverse Actions.

Patrick's allegations do not stop at passive ownership. The complaint alleges that Patrick worked at Everstory-connected sites, that Everstory controlled or influenced access and conditions at those sites, that Everstory personnel were involved in the August 2024 events, and that Patrick's transfer and loss of agreed working hours occurred at a location tied to Everstory. See **Compl. ¶¶ 8, 12, 46–49, 50–60, 61–69**.

Those allegations plausibly allege Everstory's involvement in the conditions surrounding Patrick's transfer, hours, and termination. Whether Everstory can ultimately disprove that role is a question for a later stage, not a pleading-stage dismissal.

## D. Everstory's Exhaustion Argument Fails Because Patrick Filed a Separate EEOC Charge Directly Naming Everstory.

Everstory argues that Patrick failed to exhaust administrative remedies as to Everstory. The administrative record described in the complaint and reflected in Patrick's EEOC materials shows otherwise.

Patrick filed:

- **EEOC Charge No. 420-2025-00189** against **Lakeland**, and

- **EEOC Charge No. 420-2025-01381** against **Everstory Partners**.

He then received **Notices of Right to Sue dated June 25, 2025**.

Charge No. **420-2025-01381** directly undermines Everstory's exhaustion argument because it:

- names **Everstory Partners** as the respondent;

- alleges **disability** and **retaliation**;

- covers **August 1, 2024 through November 1, 2024**;

- alleges Patrick's active involvement in Chelsea's prior EEOC charges;

- alleges that Chelsea's accommodation was rescinded around **August 8, 2024**;

- alleges transfer to another location contracted by the respondent;

- alleges that Patrick's previously agreed working hours were not honored after transfer;

- alleges termination on **November 1, 2024**; and

- identifies **Gary Crow, Rachel Logan, and Harold McClellan** as Everstory personnel.

That is not a situation in which Patrick sued Everstory without having filed an EEOC charge directed to Everstory. To the contrary, Patrick filed a charge specifically naming Everstory and obtained a right-to-sue notice on that charge. Everstory's argument that Patrick failed to exhaust as to Everstory therefore fails.

**E.  Any Exhaustion Dispute Is Not a Proper Basis for Rule 12(b)(6) Dismissal.**

Even apart from the direct Everstory charge, Everstory's exhaustion argument depends on a technical parsing of administrative materials and on resolving any ambiguity against Patrick. That is not a proper basis for dismissal on the pleadings.

The complaint alleges administrative exhaustion. **Compl.  4.** The charge history includes both Lakeland and Everstory charges arising from the same August 2024

through November 1, 2024 events. Any further dispute about the precise scope or overlap of those charges is not a basis to dismiss Patrick's claims at this stage.

## F. The Complaint Is Not a Shotgun Pleading.

Everstory also argues that the complaint is an impermissible shotgun pleading. That argument fails. The complaint identifies the parties, lays out a factual chronology, and pleads separate counts. Everstory's own motion demonstrates that it understands which claims are asserted against it and which allegations it contends are insufficient. That is fair notice, not a shotgun pleading.

## G. Leave to Amend Should Be Granted If the Court Finds Any Deficiency.

If the Court concludes that any portion of Patrick's claims against Everstory should be stated with greater specificity, the appropriate remedy is leave to amend rather than dismissal. Patrick is proceeding pro se, and any perceived lack of precision can be cured through a more detailed amended pleading.

## V. CONCLUSION

For the foregoing reasons, Plaintiff **Patrick Keith Cullen** respectfully requests that the Court deny Defendant **StoneMor Inc. d/b/a Everstory Partners'** motion to dismiss as to his claims. In the alternative, Patrick requests leave to amend. Patrick further requests such other relief as the Court deems just and proper.

10

Respectfully submitted,

**/s/ Patrick Keith Cullen**

Patrick Keith Cullen Pro Se Plaintiff

400 West Blue Mountain Road Anniston, AL 36201

phathacked@proton.me

256-589-2167

**CERTIFICATE OF SERVICE**

I certify that on April 2, 2026, I served a copy of the foregoing on all counsel of record by Regular physical mail via United States Postal Service.

**/s/ Patrick Keith Cullen**

Patrick Keith Cullen

400 W Blue Mountain Rd  Anniston,

Al 36201

phathacked@proton.me


256-589-2167

Mandeville

Chelsea M...
Patrick Cullen
400 W. Blue Mountain Rd
Anniston, Al 36201

ANNISTON, AL 36204
APR 06, 2026
$1.36
UNITED STATES
POSTAL SERVICE
35203
RDC 99
R2304E106942-01

Clerk of Court
United States District Courthouse
of Northern Alabama
1729 5th Ave N
Birmingham, Al
35203