FILED
2026 Apr-09  AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA NORTHERN DIVISION

FILED

2026 APR 8  P 12: 36

U.S. DISTRICT COURT
N.D. OF ALABAMA

PATRICK KEITH CULLEN and

CHELSEA KAYE MANDEVILLE

*Plaintiffs*

v.

LAKELAND CEMETERY

SERVICES INC., *et al*

*Defendants*

Case No. 1:25-cv-00523-CLM

April 2, 2026

# PLAINTIFF CHELSEA K. MANDEVILLE'S INDIVIDUAL RESPONSE IN OPPOSITION TO DEFENDANT STONEMOR INC. D/B/A EVERSTORY PARTNERS' MOTION TO DISMISS

Plaintiff Chelsea K. Mandeville, proceeding pro se, files this response in opposition to Defendant StoneMor Inc. d/b/a Everstory Partners' motion to dismiss.

**Introduction**

1

Everstory seeks dismissal by disputing the complaint's factual allegations and by asking the Court to accept Everstory's interpretation of those facts on the pleadings. That is not the Rule 12(b)(6) standard. The operative complaint alleges more than passive ownership of the property where Ms. Mandeville worked. It alleges that Everstory exercised control over access to the worksites, imposed or directed restrictions affecting when she could be present there, interfered with the practical operation of her disability-related accommodation, and participated in the course of conduct that culminated in adverse action. See Compl. ¶¶ 8, 12, 18–20, 46–60, 61–69.

The complaint also alleges protected activity and a broader retaliatory course of conduct. See Compl. ¶¶ 22–34, 109–131. Taken together, those allegations plausibly state claims against Everstory and provide fair notice of the grounds on which those claims rest.

For these reasons, Everstory's motion should be denied. In the alternative, Ms. Mandeville requests leave to amend.

**Procedural Posture**

This is the consolidated action pending under Case No. 1:25-cv-00523-CLM.

2

The Second Amended Consolidated Complaint is the operative complaint. Everstory moved to dismiss, and by order entered March 31, 2026, the Court directed Plaintiffs to file individual response briefs by April 21, 2026. See Doc. 16.

## Governing Standard

A complaint need only contain a short and plain statement showing that the pleader is entitled to relief. To survive a motion to dismiss, it must allege enough facts to state a plausible claim for relief. In deciding a Rule 12(b)(6) motion, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor.

A motion to dismiss is not a vehicle to resolve factual disputes or to choose between competing versions of events. If the complaint plausibly alleges a claim, dismissal is improper.

## Allegations Relevant to Chelsea Mandeville The

complaint alleges that:

1. Ms. Mandeville worked for Lakeland at locations owned, controlled, or managed in relevant part by Everstory. Compl. ¶¶ 8, 12, 46–49.

2. Ms. Mandeville has Lupus and disclosed disability-related limitations requiring accommodation. Compl. ¶¶ 18–20.

3. Her accommodation history included flexible scheduling and related measures allowing her to work around disability-related limitations. Compl. 20.

4. Around August 2024, Everstory-linked restrictions and worksite-access issues interfered with those arrangements. Compl. ¶¶ 50–60.

5. Those restrictions affected her schedule, her ability to remain on site, and the practical operation of her accommodation. Compl. ¶¶ 18–20, 50–60, 61–69.

6. Ms. Mandeville later transferred to another location, but the problems continued. Compl. ¶¶ 61–65.

7. Ms. Mandeville was terminated on November 1, 2024. Compl. 69.

8. The complaint also alleges protected activity and a broader discriminatory and retaliatory course of conduct. Compl. ¶¶ 22–34, 109–131.

**Argument**

**A. The complaint plausibly alleges Everstory's control over essential work conditions affecting Ms. Mandeville.**

Everstory argues that Lakeland, not Everstory, was Ms. Mandeville's employer. The complaint alleges, however, that Everstory controlled the premises where

she worked, exercised control over access to those premises, and imposed or directed restrictions that affected when and how she could work there. See Compl. ¶¶ 8, 12, 46–60. It further alleges that those restrictions directly affected her schedule, her ability to remain on site, and the practical operation of her disability-related accommodation. See Compl. ¶¶ 18–20, 50–60, 61–69.

Those allegations plausibly allege Everstory's control over work conditions, access, and the practical ability to perform the job under accommodated conditions. At the pleading stage, that is sufficient.

**B. Ms. Mandeville's ADA failure-to-accommodate claim is sufficiently pleaded.**

The complaint plausibly alleges that Ms. Mandeville has a disability, was qualified to perform her job with reasonable accommodation, and experienced denial of or interference with accommodation. It alleges that she had Lupus, that flexibility in scheduling and related measures were necessary because of disability-related limitations, and that such accommodations had been allowed. Compl. ¶¶ 18–20. It then alleges that Everstory-imposed or Everstory-driven restrictions later interfered with those arrangements by limiting when she could be present and work at Everstory-controlled sites. See Compl. ¶¶ 18–20, 50–60, 61–69.

That is sufficient to state a claim.

**C. Ms. Mandeville's ADA retaliation claim is sufficiently pleaded.**

The complaint also plausibly states an ADA retaliation claim. It alleges protected activity, including requests for accommodation and related disability-based complaints. It further alleges adverse treatment affecting her work conditions and the chain of events leading to termination. See Compl. ¶¶ 22–34, 50–69, 123–131.

Those allegations are enough to state a plausible retaliation claim against Everstory.

**D. The complaint alleges more than passive ownership and permits a reasonable inference of Everstory's participation in the adverse course of conduct.**

Everstory attempts to reduce its alleged role to passive ownership or neutral premises management. The complaint alleges more. It alleges that Everstory-linked restrictions and access decisions affected whether Ms. Mandeville could remain on the property, how she could use her accommodation, and how her work conditions changed in the period leading to transfer and termination. See Compl. ¶¶ 46–69.

Those allegations permit a reasonable inference that Everstory participated in the course of conduct that culminated in adverse action.

**E. The complaint is not a shotgun pleading.**

The complaint identifies the plaintiffs, the defendants, the factual chronology, and separate counts. Everstory's own motion confirms that it understands which claims are asserted against it and which allegations it contends are insufficient. That is fair notice, not a shotgun pleading.

**F. Leave to amend should be granted if the Court finds any deficiency.**

If the Court concludes that any portion of Ms. Mandeville's claims against Everstory should be stated with greater specificity, Ms. Mandeville requests leave to amend.

**Conclusion**

For the foregoing reasons, Plaintiff Chelsea K. Mandeville respectfully requests that the Court deny Defendant StoneMor Inc. d/b/a Everstory Partners' motion to dismiss as to her claims. In the alternative, Ms. Mandeville requests leave to amend. Ms. Mandeville further requests such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Chelsea K. Mandeville

7

**Chelsea K. Mandeville** Pro Se Plaintiff

400 W Blue Mountain Rd

Anniston, AL 36201

CKAYEM@YAHOO.COM

256-770-6253

## CERTIFICATE OF SERVICE

I certify that an exact copy of the foregoing has been served on all counsel of record by Regular Physical Mail via The United States Postal Service on April 2, 2026.

Chelsea K. Mandeville

8

April 2, 2026

Chelsea Mandeville
Patrick Cullen
400 W Bree Mountain Rd
Anniston, Al 36207

**Retail**

UNITED STATES
POSTAL SERVICE®

35203

RDC 99

U.S. POSTAGE PAID
FCM LETTER
ANNISTON, AL 36204
APR 06, 2026

**$1.07**

R2304E106942-01

United States District Court of
Northern Alabama Clerk of Court
1729 5th Avenue N
Birmingham, Al   35203