FILED

2026 Apr-15 AM 11:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |
|---|---|
| **CHELSEA K. MANDEVILLE,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO.:** |
| **LAKELAND CEMETERY SERVICES, INC. and STONEMOR INC. d/b/a EVERSTORY PARTNERS,** | **1:25-cv-00523-CLM** |
| **Defendants.** | |

**DEFENDANT STONEMOR INC. d/b/a EVERSTORY PARTNERS REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

  **COMES NOW** Defendant, **StoneMor Inc. d/b/a Everstory Partners**, ("Everstory" or "Defendant"), by and through the undersigned counsel, and hereby submits its reply to Plaintiffs' response to Defendant's Motion to Dismiss as follows:

## I. Introduction

 On March 27, 2026, Everstory filed a Motion to Dismiss Mandeville and Cullen's Second Amended Consolidated Complaint filed on February 12, 2026.  [Doc. 15]. On April 8, 2026, Mandeville and Cullen filed separate responses to Everstory's Motion to Dismiss. [Doc. 17; Doc. 18]. Plaintiffs' responses do not, and cannot, cure the fundamental deficiencies identified in Everstory's Motion to Dismiss. Instead,

Plaintiffs continue to restate the same conclusory allegations and ask this Court to accept the legal conclusions as true. The Rule 12(b)(6) standard requires more, and while the Court must accept as true well-pleaded factual allegations, it does not have to accept threadbare recitals of the elements of a cause of action supported by conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' claims against Everstory remain facially deficient. In the interest of judicial economy, Defendant incorporates all arguments asserted in their Motion to Dismiss instead of repeating or restating the same herein in full, as such arguments are still applicable.

## II.    Argument

### A.    Plaintiffs Still Fail to Plausibly Allege Everstory Was Their Employer or Joint Employer

The threshold deficiency in Plaintiffs' claims remain unchanged. Plaintiffs cannot establish an employer-employee relationship with Everstory, which is a prerequisite for liability under the ADA. See 42 U.S.C. § 12112(a). Both Plaintiffs acknowledge in their response and in the Second Amended Consolidated Complaint that they worked for Lakeland. Mandeville concedes she was employed by Lakeland and merely alleges that she worked for Lakeland at locations owned, controlled, or managed by Everstory. Cullen admits he worked for Lakeland but performed work for Lakeland at locations owned, controlled, or managed by Everstory. These admissions confirm Lakeland, not Everstory, was the employer of both Plaintiffs.

The arguments in Plaintiffs' responses even acknowledge the fatal flaw in the

Complaint.  Plaintiffs repeatedly discuss the fact that Everstory merely established and enforced the hours during which business could be conducted on its properties. Such allegations describe nothing more than a property owner's ordinary control over its own premises and in no way state or even imply an employer-employee relationship.  Enforcing property access rules for security and safety purposes is a routine incident of property ownership, not an exercise of employer-level control over Plaintiffs' terms and conditions of employment.

Critically, neither Mandeville nor Cullen allege that Everstory hired them, paid their wages, set their work schedules, supervised daily duties, disciplined, or terminated their employment. *See Peppers v. Cobb Cnty.*, 835 F.3d 1289, 1300 (11th Cir. 2016) (finding Plaintiff failed to establish any evidence the Defendant had involvement in recruiting, hiring, creating the job title, establishing job responsibilities and pay, regulating the work environment, or supervision, thus a joint employer relationship did not exist).  The Second Amended Consolidated Complaint alleges Lakeland hired, supervised, made employment decisions, and terminated Plaintiffs' employment. The conclusory use of the joint employer label does not establish plausible allegations Everstory was an employer of Mandeville or Cullen, thus the claims against Everstory are due to be dismissed.

**B.    Plaintiffs ADA Discrimination - Failure to Accommodate Claim Remains Insufficiently Pleaded.**

Mandeville argues her ADA discrimination – failure to accommodate claim

is sufficient because the Second Amended Consolidated Complaint alleges she has Lupus, had a flexible scheduling accommodation, and Everstory imposed restrictions that interfered with those arrangements. However, this characterization is critically deficient because Mandeville does not allege she requested an accommodation from Everstory, nor does she allege Everstory had an obligation or authority to provide one. Cullen argues Everstory's control of access to its own properties and his support for Mandeville's claims plausibly support a claim for ADA discrimination. Again, this characterization is critically deficient as he does not allege an accommodation was requested from Everstory, nor does he allege any facts to establish Everstory maintained control over his employment conditions to establish a basis for a claim discrimination against Everstory.

The Second Amended Consolidated Complaint establishes Mandeville's accommodation was approved by her employer Lakeland. Mandeville herself acknowledges that Lakeland, not Everstory, was the entity responsible for her alleged disability accommodation. "An employer's duty to provide a reasonable accommodation . . . 'is not triggered unless a specific demand for an accommodation has been made.'" *Adigun v. Express Scripts, Inc.*, 742 Fed. App'x 474, 476 (11th Cir. 2018) (citing *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999)). Both Plaintiffs' allegations of conversing with Everstory employees concerning property restrictions do not constitute an accommodation

request to an employer; rather, the allegation is better characterized as complaints by a non-employee about property access. Without an employer-employee relationship, Everstory had no duty to accommodate Plaintiffs, nor do the alleged facts demonstrate discrimination based on the same, thus the claim fails as a matter of law.

### C.    Plaintiffs' ADA Retaliation Claims Are Not Plausibly Pleaded Against Everstory.

A *prima facie* case of ADA retaliation requires engagement in statutorily protected conduct, an adverse employment action, and a causal relationship between the two. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999). Plaintiffs' retaliation claims fail because absent an employer-employee relationship, there can be no adverse employment action attributable to Everstory. While the Second Amended Consolidated Complaint alleges Everstory rescinded permission to be present on Everstory property, this allegation describes a decision regarding property access outside normal business hours, not an employment action by an employer.

Specifically, Mandeville alleges protected activity based on accommodation requests to Lakeland, EEOC charges, and the display of a whiteboard. The allegations of protected activity are directed to Lakeland as her employer. Mandeville's attempt to impute Lakeland's termination decision to Everstory based solely on property access restrictions is a speculative and conclusory leap, thus

Mandeville's claim is due to be dismissed.

Further, Cullen's alleged theory of retaliation is based on his support for Mandeville's alleged protected rights. However, Cullen does not allege that Everstory was aware of his support for Mandeville's protected rights. Cullen also does not allege any specific adverse action was taken by Everstory against him other than the enforcement of general property restrictions. Lakeland, not Everstory, terminated Cullen's employment. Cullen fails to allege any plausible facts to support his claim retaliation under the ADA, thus the claim is due to be dismissed.

**D.    Cullen's Administrative Exhaustion Defense Is Not Cured by His Response Brief.**

In Everstory's Motion to Dismiss, Cullen's failure to allege administrative exhaustion is identified through his allegation that EEOC Charge No. 420-2025-00189 is against Everstory, when in fact, such charge is against Lakeland. In Cullen's response to the Motion to Dismiss, he now contends a separate charge was filed, No. 420-2025-01381, directly naming Everstory. Cullen's allegations in the Second Amended Consolidated Complaint directly contradict his response brief. To the extent Cullen's administrative filings are deemed to be exhausted against Everstory, such facts have not been pleaded accurately. Instead, the Second Amended Consolidated Complaint's misidentification of the relevant charge number fails to establish that administrative remedies have been exhausted as to Everstory.

**E.    Plaintiffs Request for Leave to Amend Should Be Denied**

Plaintiffs heavily rely on their status as *pro se* Plaintiffs and while courts provide liberal construction to *pro se* pleadings, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)). *Pro se* plaintiffs are the master of their complaint but the master must nonetheless comply with the Federal Rules. *See Daker v. Barnes*, 2024 U.S. App. LEXIS 16995, at *14 (11th Cir. July 11, 2024) (citing *Albra*, 490 F.3d at 829). Both Plaintiffs request leave to amend but leave to amend should be denied where an amendment would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, Plaintiffs have already had multiple opportunities to amend their pleadings, and the operative Complaint is the Second Amended Consolidated Complaint. The lack of specificity or plausibility cannot be cured by further amendment. Plaintiffs cannot plausibly allege that Everstory was their employer or a joint employer relationship exists because the undisputed facts establish Lakeland, and Lakeland alone, employed Plaintiffs. Further, Plaintiffs fail to establish *prima facie* cases for all of their claims despite multiple bites at the apple. Accordingly, leave to amend should be denied and the claims alleged against Everstory should be dismissed.

## III.    Conclusion

For the foregoing reasons, and for the reasons stated in Defendant's Motion

to Dismiss [Doc. 15], Defendant respectfully requests this Court dismiss all claims asserted against it.

WHEREFORE these premises considered, Defendant's Motion to Dismiss is due to be granted.

Respectfully submitted this, the 15th day of April 2026,

/s/ Melisa C. Zwilling
**Melisa C. Zwilling (asb-5026-r71m)**
*Attorney for Defendant*

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
Telephone: (205) 822-2006
Fax: (205) 822-2057
mzwilling@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 15th day of April 2026, the foregoing document was electronically filed with the Clerk of this Court and served upon the following using the CM/ECF system:

Chelsea K. Mandeville
Street Address Redacted
Anniston, AL 36201
*Pro Se*

Patrick Keith Cullen
Street Address Redacted
Anniston, AL 36201
*Pro Se*

/s/ Melisa C. Zwilling
OF COUNSEL